Eric C. Anderson #016114
Sarah R. Anchors #025344
Matthew J. Mansfield #024046
**TEMPE CITY ATTORNEY'S OFFICE**
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
Phone: (480) 350-8227
Fax: (480) 350-8645
Cityattorney_administrator@tempe.gov
Sarah_Anchors@tempe.gov
Matthew_Mansfield@tempe.gov
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Bartel,<br><br>    Plaintiff,<br>v.<br><br>The City of Tempe, an Arizona Municipal Corporation,<br><br>    Defendant. | Case No. 2:24-cv-02519-MTM<br><br>**Defendant's Motion to Dismiss Counts I and II of the Second Amended SAC [Doc. 12]** |

Defendant City of Tempe ("Defendant" or "City") hereby moves to dismiss Counts I (Title VII discrimination) and II (Title VII Retaliation) of the Second Amended Complaint [Doc. 12], pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Title VII claims are time barred because he failed to file a lawsuit within 90 days of receiving a right to sue letter ("RTSL") from the Equal Employment Opportunity Commission ("EEOC"). Also, any claims based on events or actions before February 25, 2023, must be dismissed because they occurred more than 300 days before Plaintiff filed his Charge of Discrimination with the EEOC (the Charge"). Undersigned counsel certifies, pursuant to LRCiv 12.1(c), that

she notified Plaintiff's counsel of the bases for moving to dismiss by email November 14, 2024.

**I.      The Title VII Claims Are Time Barred**

Plaintiff filed the Charge on December 22, 2023. [Doc. 12-1]. Plaintiff and his counsel exchanged multiple emails with the EEOC about the Charge between January 12, 2024 and March 15, 2024. [Doc. 12, ¶¶ 109-114]. Plaintiff requested a Right to Sue Letter ("RTSL") on February 1, 2024 and emailed the EEOC about the status of the request on March 8, 2024. [Doc. 12, ¶ 111]. On March 15, 2024, Karen Ferguson, a Supervisory Civil Rights Analyst at the EEOC, sent an email regarding the Charge to Plaintiff, his counsel, Jessica Weeks and Patricia Miner at the EEOC, and Rebecca Strisko at the City (the "March 15 Email"). [Exhibit 1].

The March 15 Email states, in part, "The subject letter is attached. The 90-day period begins upon receipt." [*Id.*]. Ms. Ferguson sent the March 15 Email to Plaintiff at StevenlBartel@gmail.com and copied Plaintiff's counsel at Tyler@Allenlawaz.com. [*Id.*]. The subject letter is an RTSL, also dated March 15, 2024 (the "March 15 RTSL"). [Exhibit 2]. The March 15 RTSL states, in part:

> Because you filed the [Charge], and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, *and because you through your attorney have specifically requested this Notice*, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.
> If you choose to commence a civil action, *such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.*

[*Id.*] (emphasis added.). The March 15 RTSL required Plaintiff to file a lawsuit by June 15, 2024. [*Id.*]. Plaintiff did not file a lawsuit until September 20, 2024, so Plaintiff's Title VII discrimination and retaliation claims are time barred. [Doc. 1].

## II. Plaintiff and his Counsel Received the March 15 Email and the March 15 RTSL

Plaintiff claims that neither he nor his counsel received the March 15 RTSL. [Doc. 12, ¶ 117]. However, Plaintiff admits that he received an email from Ms. Ferguson on June 28, 2024 with an RTSL attached (the "June 28 Email" [Exhibit 3] and the "June 28 RTSL" [Doc 12-2], respectively). [Doc 12, ¶¶ 119-120]. As she did with the March 15 Email, she sent the June 28 Email to Plaintiff, his counsel, Jessica Weeks and Patricia Miner at the EEOC, and Rebecca Strisko at the City. [Exhibit 3].

The June 28 Email states, in part, "The subject letter is attached as per your request. The 90-day period begins upon receipt." [*Id.*]. Ms. Ferguson sent the June 28 Email to Plaintiff at StevenlBartel@gmail.com and copied Plaintiff's counsel at Tyler@Allenlawaz.com. [*Id.*]. These are the same email addresses used by Ms. Ferguson to send the March 15 Email and the March 15 RTSL. Plaintiff and his counsel admit using these addresses to communicate with the EEOC. [Doc 12, ¶¶ 119-120]. Plaintiff does not allege these email addresses are incorrect or that he used any other email address to communicate with the EEOC. Plaintiff and his counsel do not deny receiving the March 15 RTSL in a sworn statement or affidavit. Plaintiff does not even attempt to explain why he received the June 28 Email and the June 28 RTSL but did not receive the March 15 Email or March 15 RTSL, which the EEOC sent to the *same* email addresses.

Plaintiff cannot survive dismissal simply by denying an incontrovertible fact in the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Likewise, a demonstratively false allegation should not be viewed in a favorable light for purposes of a motion to dismiss. Plaintiff cannot plausibly admit to receiving some emails from the EEOC at the correct address and deny receiving others. This is particularly true where Plaintiff claims he did not receive emails

1  detrimental to his claims but acknowledges emails that support his claims. Plaintiff's Title
2  VII claims are time barred and should be dismissed.

3     **III.     The June 28 RTSL Does Not Extend the June 25, 2024 Deadline to File Suit**

4  It is undisputed that the EEOC issued a RTSL on March 15, 2024. [Exhibits 1 and
5  2; Doc. 12, ¶ 116]. The June 28 RTSL is irrelevant. It is well settled that a second right-to-
6  sue-letter for the same conduct is without effect where there is no indication that the EEOC
7  intended to revoke the previously issued right-to-sue notice. *See, e.g., Mahroom v. Defense*
8  *Language Institute*, 732 F.2d 1439, 1440–41 (9th Cir. 1984) (*per curiam*) (holding that "in
9  absence of any indication that the [EEOC] intended to withdraw its earlier decision and
10 revoke its first right-to-sue letter," the limitations period for filing suit was triggered by the
11 first right-to-sue letter despite the EEOC's issuance of a second right-to-sue letter).

12 The June 28 RTSL does not include *any* indication the EEOC was withdrawing its
13 decision leading to the March 15 RTSL or that it intended to revoke the March 15 RTSL.
14 [*See* Doc. 12-2]. Plaintiff could not reasonably believe he had ninety days from the June
15 28 RTSL to file suit.  Even if the EEOC wanted to extend the deadline to file suit for a
16 sympathetic complainant or in response to internal issues, it cannot. The EEOC lacks
17 authority to extend the congressionally mandated timelines in Title VII.  *See Cleveland v.*
18 *Douglas Aircraft Co.*, 509 F.2d 1027, 1030 (9th Cir. 1975) (holding that "[t]o accept the
19 EEOC's action in issuing the second letter as proper would vitiate the congressionally
20 mandated period of limitation in favor of a hodgepodge of ad hoc determinations by the
21 EEOC"); *Ogunsalu v. San Diego Unified Sch. Dist.*, 759 F. App'x 642, 644 (9th Cir. 2019)
22 (citing *Mahroom*); *see also Thakral v. Hawaii Residency Programs, Inc.*, No. 19-CV-
23 00563-DKW-RT, 2020 WL 1148556, at *6 (D. Haw. Mar. 9, 2020) (Because there is no
24 indication that the *DOJ* intended to revoke the *EEOC*'s earlier, or even had the authority to
25 do so, the DOJ's right-to-sue letters did not extend the deadline for plaintiff to file his ADA
26 claims).

27 Likewise, the June 28 RTSL did not extend Plaintiff's June 15, 2024 deadline to file
28 suit.  The June 28 RTSL does not contain any indication it revoked the March 15 RTSL,

4

and it does not include any factual or legal authority indicating it can extend the 90-day limitation triggered by the March 15 RTSL. Moreover, the Complaint does not allege any other basis for the Court to extend the deadline. For these reasons, the Court should dismiss Plaintiff's Title VII claims.

### IV.     Claims Based on Events or Actions Before February 25, 2023 Are Barred

Generally, a claimant has 180 days "after the alleged unlawful employment practice occurred" to file a charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1). That "deadline is extended to 300 days if the charge is initially filed with a state agency that enforces its own anti-discrimination laws." *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 585 (9th Cir. 2000). Failure to file charges within this time frame bars an individual from bringing a lawsuit for failure to exhaust administrative remedies. *See id.* (*citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94 (1982)). Plaintiff claims in Count I regarding discrimination that he was subjected to discriminatory comments of a sexually explicit nature, regularly assigned a heavier schedule than female counterparts and berated, humiliated and chastised by management. [Doc. 12, ¶¶ 124-127]. Plaintiff's allegations of events preceding February 25, 2023 are barred because they are more than 300 days before the December 22, 2023 EEOC charge. [Doc. 12, ¶ 108]. These time-barred allegations include Ms. Bell allegedly berating him in September 2022 and February 2023, the Christmas luncheon December 14, 2022, and Plaintiff allegedly being assigned more work than others in the January and early February 2023. [Doc. 12, ¶¶ 26, 28, 33, 37-39, 47-52]. The Court should not consider these claims under any circumstances.

### V.     Conclusion

Plaintiff's Title VII claims are time barred because he failed to file a lawsuit within 90 days of receiving the March 15 RTSL from the EEOC. Also, any claims based on events

/ / /

/ / /

1  or actions before February 25, 2023, must be dismissed because they occurred more than
2  300 days before Plaintiff filed the Charge.
3        Respectfully submitted this 4th day of December, 2024

                                                  */s/ Sarah R. Anchors*
                                                  Sarah R. Anchors
                                                  Matthew J. Mansfield
                                                  TEMPE CITY ATTORNEY'S OFFICE
                                                  21 E. Sixth Street, Suite 201
                                                  P.O. Box 5002
                                                  Tempe, Arizona 85280
                                                  *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2024, I electronically transmitted the attached document to the Clerk's office using CM/ECF system for filing and transmittal of a Notice of Electronic Filing and a true and correct copy of the foregoing was served on the following CM/ECF registrants:

Anjali J. Patel
Christina Locher
Tyler Allen Law Firm, PLLC
4201 N. 24th Street, Suite 200
Phoenix, AZ 85016
anjali@allenlawaz.com
christina@allenlawaz.com
*Attorneys for Plaintiff*

 /s/ Brenda J. Peeler

.