Anjali J. Patel SBN 28138
Christina Locher SBN 027472
**Tyler Allen Law Firm, PLLC**
4201 North 24th Street, Suite 200
Phoenix, AZ 85016
602-456-0545 telephone
602-995-3999 fax
anjali@allenlawaz.com
christina@allenlawaz.com
*Attorneys for Plaintiff Steven Bartel*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Bartel,<br><br>                Plaintiff,<br><br>v.<br><br>The City of Tempe, an Arizona Municipal Corporation,<br><br>                Defendant. | No. **2:24-CV-02519-MTM**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS I AND II OF THE SECOND AMENDED COMPLAINT** |

Plaintiff, Steven Bartel, respectfully submits this Response to Defendant, The City of Tempe's Motion to Dismiss Counts I and II of the Second Amended Complaint [Doc. 17]. Plaintiff's Response is supported by the Affidavits of Plaintiff Steven Bartel, attorney Tyler Allen, counsel for Plaintiff, and Chris Wisnewski of the Tyler Allen Law Firm, attached hereto and incorporated herein by reference. For the foregoing reasons, Plaintiff requests the Court deny Defendant's Motion.

    **I.**    **STANDARD OF REVIEW**

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In turn, all allegations of material fact are taken as true and construed in the light most

favorable to the nonmoving party. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

However, "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In turn, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Because Defendant has supported its Motion to Dismiss with information outside of the pleadings, and assuming the Court relies on that extraneous information, the Motion should be construed as one for summary judgment and Plaintiff must be afforded an opportunity to present all material that is pertinent to the motion. *See Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). Plaintiff has accordingly supported his Response with the attached affidavits, incorporated herein and by reference.

**II.    ARGUMENT**

Failure to file suit within ninety (90) days of receiving a "Right to Sue Letter" (RTSL) from the Equal Employment Opportunity Commission (EEOC) is an affirmative defense on which the defendant bears the burden of proof. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007). In the present case, Plaintiff's charge of discrimination was transferred by the EEOC to the U.S. Department of Justice. Defendant attempts to meet this burden and have Plaintiff's Second Amended Complaint ("SAC") dismissed by improperly focusing on the date the March 15, 2024 email and RTSL were sent, not received. Defendant also asks this Court to presume that because Plaintiff received the subsequent June 28, 2024 email and RTSL, Plaintiff also must have received the March 15 correspondence. Defendant's arguments are wholly unsupported by any legal authority, and Defendant's Motion to Dismiss must be denied.

### A. The 90-Day Period Begins to Run when the RTSL is Received, Not Sent.

Both the March 15 and June 28 emails from Karen Ferguson of the U.S. Department of Justice ("DOJ") clearly state "[t]he 90-day period begins upon **receipt**. Please respond to this email and acknowledge **receipt**." (Emphasis added.) See Plaintiff's Affidavit attached hereto as **Exhibit A**, and Exhibit 2 to same.

Similarly, both the initial and re-issued RTSLs state as follows: "[i]f you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your **receipt** of this Notice." (Emphasis added.) Case law also makes it abundantly clear the 90-day time period begins to run when the notice is received. *See, e.g., Welch v. S. Ca. Edison,* 378 F. App'x 621, 622 (9th Cir. 2010) (concluding [t]he statutory period for federal age discrimination claims is 90 days after **receipt** of the right-to-sue letter); *Seitzinger v. Reading Hosp. and Medical Center*, 165 F.3d 236, 239 (3d Cir. 1999) (Emphasis added.) (explaining "the time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date he receives a right-to-sue letter from the agency"); *Witt v. Roadway Exp.,* 136 F.3d 1424, 1429 (10th Cir. 1998) (stating "[t]he ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice").

In its Motion to Dismiss, Defendant quotes the aforementioned language from Ms. Ferguson's correspondence as well as the RTSLs indicating the 90-day period begins upon receipt. Yet, Defendant chooses to ignore the plain language of the emails and RTSLs and asks this Court to conclude that because Ms. Ferguson sent an email containing the initial RTSL on March 15, and Plaintiff received her June 28 correspondence, Plaintiff must have received the March 15 correspondence as well despite his unequivocal statements to the contrary. (See Plaintiff's Affidavit in Support of Response to Defendant's Motion to Dismiss, attached hereto as **Exhibit A**, at ¶13.) Defendant seeks to have this Court adopt its sweeping and illogical presumption without any supporting legal authority.

Ms. Ferguson's correspondence, the RTSLs, and case law support Plaintiff's argument that the 90-day time period begins to run upon receipt of the RTSL, not when it is

sent. This is further supported by the fact both emails from Ms. Ferguson state "[p]lease respond to this email and acknowledge receipt." Unlike cases in which an RTSL is physically mailed and received but the date of receipt is unknown thus triggering a rebuttable presumption of the date of receipt, there is no such presumption in the present case as the RTSL was emailed but not received at all. *See* <u>Payan v. Aramark Mgmt. Servs. Ltd. P'ship</u>, 495 F.3d 1119, 1125-26 (9th Cir. 2007).

In this case, Defendant has not alleged that a physical copy of the RTSL was mailed to Plaintiff's address or to Plaintiff's counsel, and no such mail copy was received by either Plaintiff or his counsel. See **Exhibit A** at ¶13 and **Exhibit B** at ¶6. Chris Wisniewski, legal assistant of Tyler Allen Law Firm, PLLC, also performed a search of Plaintiff's laptop computer and email account listed on Ms. Ferguson's March 15, 2024 email, stevenlbartel@gmail.com, for all emails received from or sent to any eeoc.gov or usdoj.gov domain from said account, and found no record of receipt of the March 15th RTSL. See **Exhibit C** at ¶5 - ¶6. Additionally, Mr. Wisniewski conducted a similar search of attorney Allen's email account, and found no record of receipt of the March 15th RTSL. See **Exhibit C** at ¶7.

Contrary to Defendant's argument, the facts alleged in Plaintiff's Second Amended Complaint ("SAC") sufficiently establish that neither Plaintiff nor his counsel received Ms. Ferguson's March 15 correspondence containing the initial RTSL and that neither Plaintiff nor his counsel confirmed receipt of same to Ms. Ferguson of the DOJ. While Defendant believes it was incumbent upon Plaintiff to provide an explanation as to why he received the June 28th email and RTSL and not the March 15 email and RTSL, such a burden does not exist. There are a multitude of possible reasons why neither Plaintiff nor his counsel received the March 15 email and RTSL, and it is not Plaintiff's duty to speculate as to why they were never received. The simple and operative fact which must be accepted as true is that Plaintiff did not receive the March 15 email and RTSL. Accordingly, the 90-day period could not have started on March 15, 2024.

**B. The DOJ Reissued the RTSL because it was Never Received; It Did Not Withdraw or Revoke Any Previous Decision.**

Defendant further seeks to support its Motion to Dismiss by arguing the June 28 RTSL is irrelevant because there is no indication that the U.S. DOJ intended to revoke the previously issued RTSL. This argument is misplaced and inapplicable to the present case.

In support of its argument, Defendant points to *Mahroom v. Defense Language Institute.* In that case, the plaintiff received an RTSL with notice that her charge had been denied. *Mahroom v. Defense Language Institute*, 732 F. 2d 1439, 1440 (9th Cir. 1984). Thereafter, the plaintiff requested the EEOC reconsider its earlier denial of her claim at which point it adhered to its decision but issued a second RTSL. *Id.* In turn, the court determined the second RTSL was without effect as the EEOC had notified her of its final decision in the first RTSL. *Id.* at 1440-41.

The holding in *Mahroom* is inapplicable to the present case as the EEOC did not render a determination on Plaintiff's claim in the March RTSL. There is no decision the EEOC could have withdrawn or revoked. More importantly, however, unlike the plaintiff in *Mahroom* who received the first RTSL and then requested a reconsideration, Plaintiff never received the initial RTSL.

**C. By Re-Issuing the RTSL, the DOJ Did Not Extend the Deadline to File Suit.**

Defendant next attempts to argue the June RTSL is irrelevant because the EEOC lacks authority to extend the timelines set forth in Title VII. Defendant's argument represents nothing more than a gross misinterpretation and manipulation of the facts.

By re-issuing the RTSL, the EEOC did not seek to extend the 90-day deadline from the first RTSL. Plaintiff never received the March RTSL, and as such, the 90-day period never commenced. Rather, the re-issued RTSL initiated an entirely new 90-day period which began upon Plaintiff's receipt of the RTSL.

Even if Defendant's extension argument did make sense in the present case, equitable tolling would certainly apply. Per the Ninth Circuit, the doctrine of equitable tolling is to be applied only sparingly, and '[c]ourts have been generally unforgiving ... when a late filing

is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'" *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997) (citations omitted). The facts alleged in the SAC undoubtedly show Plaintiff exercised due diligence in preserving his legal rights.

On March 8, 2024, Plaintiff emailed Patricia Miner, the Supervisory Investigator of the EEOC, and requested a status update on his request for a Notice of Right to Sue. (SAC ¶ 111). Four (4) days later, Ms. Miner responded she would cancel the then-scheduled intake interview and issue a Notice of Right to Sue. (*Id.* ¶ 112). On March 13, Ms. Miner emailed Plaintiff once again and indicated the EEOC did not have authority to issue the Notice of Right to Sue against Defendant under Title VII, and as such, she would send the documentation to the U.S. Department of Justice who would then send a separate email directly to the parties when the Notice of Right to Sue was issued. (*Id.* ¶ 113). On March 15, 2024, the same day the first RTSL was issued, Plaintiff thanked Ms. Miner for her assistance and inquired as to whether there was anything he could do to expedite the process; Plaintiff received absolutely no indication an RTSL had been issued. (*Id.* ¶ 114). When Plaintiff still had not received an RTSL three months later, he reached out to Ms. Miner once again and requested a status update. (*Id.* ¶ 115). It was at this time Plaintiff first learned an RTSL had been issued on March 15; notably, this was more than 90 days after the March RTSL had been issued. Plaintiff then immediately informed Ms. Miner and Ms. Ferguson he had not received the March 15 RTSL, and as such, the RTSL was re-issued on June 28. ((*Id.* ¶¶ 116-19). Upon receiving the June 28 correspondence from Ms. Ferguson containing the re-issued RTSL, Plaintiff immediately acknowledged its receipt. (*Id.* ¶¶ 120-21).

The aforementioned facts demonstrate Plaintiff diligently preserved his legal rights. Even though Plaintiff had corresponded with Ms. Miner on March 15, he was not apprised an RTSL had been issued that day. When he had yet to receive an RTSL by June, he properly inquired with the appropriate authorities and informed them he had not received the initial RTSL. Plaintiff did everything in his power to follow the proper procedure; he should not

be punished and deprived of his day in court merely because he did not receive the March 15 RTSL.

### D. The Allegations Concerning Events Preceding February 25, 2023, are Not Barred.

Defendant further believes any claims based on events or actions before February 25, 2023, should be barred. Once again, Defendant's argument is misplaced and it misinterprets the applicable case law.

Per the U.S. Supreme Court, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). However, "[h]ostile environment claims are different in kind from discrete acts" as "[t]heir very nature involves repeated conduct." *Id.* at 115. More specifically, "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id.* at 117. Thus, such an unlawful employment practice cannot be said to occur on any particular day but instead occurs over a series of days or years and because of this, "a single act of harassment may not be actionable on its own" such as in the case of discrete acts. *Id.* at 115. Accordingly, "[i]t does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, ***the entire time period*** of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117 (emphasis added).

The allegations in the SAC establish a series of separate acts that demonstrate a hostile work environment. The allegations of discrimination preceding February 25, 2023, are not discrete acts of discrimination whereby each constitutes a separate unlawful employment practice. Rather, any and all incidents of discrimination preceding February 25, 2023, constitute the beginning of a series of separate acts that collectively constitute one unlawful employment practice. As Defendant states in its Motion to Dismiss, "Plaintiff

claims in Count I regarding discrimination that he was subjected to discriminatory comments of a sexually explicit nature, regularly assigned a heavier schedule than female counterparts and berated, humiliated and chastised by management." Defendant's Motion to Dismiss at page 5, lines 12 – 15. Such acts are continuing in nature and can be easily distinguished from discrete such as termination, failure to promote, denial of transfer, or refusal to hire. Therefore, any acts preceding February 25, 2023, are not barred as they are part of one hostile work environment claim.

### III. **CONCLUSION**

Defendant has not and cannot meet its burden of proof. In support of its position, Defendant ignores the plain language of the RTSL and applicable law and instead asks the Court to adopt the extreme presumption that because Plaintiff received the June 28 email and RTSL, he therefore received the March 15 email and RTSL as well. Such a conclusion is unfounded and unsupported by any legal authority. Plaintiff should not be bound to a deadline of which he was not apprised and for which he received no notice. By re-issuing the RTSL, the U.S. DOJ did not revoke a previous decision or attempt to extend the congressionally mandated timelines in Title VII. Finally, each and every allegation of discrimination in the SAC establishes one unlawful employment practice rather than a series of discrete acts and as such, none of Plaintiff's claims are time-barred. For these reasons, Defendant's Motion to Dismiss should be denied.

**RESPECTFULLY SUBMITTED** this 18th day of December, 2024

By: */s/ Anjali J. Patel*
Anjali J. Patel
*Attorneys for Plaintiff Steven Bartel*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2024, I transmitted the attached document to the following via electronic mail:

Eric C. Anderson
Sarah R. Anchors
Matthew J. Mansfield
**TEMPE CITY ATTORNEY'S OFFICE**
21 E. Sixth St., Suite 201
Tempe, Arizona 85280
Cityattorney_administrator@tempe.gov
Sarah_Anchors@tempe.gov
Matthew_Mansfield@tempe.gov
Attorneys for Defendant

By: /s/ Chris Wisniewski