Eric C. Anderson #016114
Sarah R. Anchors #025344
Matthew J. Mansfield #024046
**TEMPE CITY ATTORNEY'S OFFICE**
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
Phone: (480) 350-8227
Fax: (480) 350-8645
Cityattorney_administrator@tempe.gov
Sarah_Anchors@tempe.gov
Matthew_Mansfield@tempe.gov
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Bartel, | Case No. 2:24-cv-02519-MTM |
| Plaintiff, | Defendant's Reply in Support of Motion to Dismiss Counts I and II of the Second Amended Complaint [Doc. 12] |
| v. | |
| The City of Tempe, an Arizona Municipal Corporation, | |
| Defendant. | |

The City's[1] Motion to Dismiss Counts I (Title VII discrimination) and II (Title VII Retaliation) of the SAC ("MTD") should be granted because: (1) Plaintiff, Plaintiff's counsel, and defendants all *received* the March 15 RTSL; (2) Plaintiff is not entitled to equitable tolling; and (3) Plaintiff's discrimination and retaliation claims cannot be based on events more than 300 days prior to his December 22, 2023 EEOC charge.

---

[1] Undefined Capitalized terms have the meaning assigned in the City's Motion to Dismiss Counts I and II of the Second Amended Complaint. [Doc. 17].

**A. Plaintiff, Plaintiff's counsel, and defendants all *received* the March 15 RTSL**

The EEOC emailed the March 15 RTSL to Plaintiff, Plaintiff's Counsel, and the City. [Docs. 17-1, 2].[2] "In this 'brave new world of electronic communications,' the EEOC may give - and the employee may receive - a right-to-sue letter through email." *McDonald v. St. Louis University*, 109 F.4th 1068, 1070-71 (8th Cir. 2024) *quoting Paniconi v. Abington Hosp.-Jefferson Health*, 604 F. Supp. 3d 290, 291 (E.D. Pa. 2022) (C.F.R. citations omitted). The 90-day filing window starts on the day the email is received, not the day it is opened or viewed. *Lax v. Myorkas*, 20 F4th 1178, 1182 (7th Cir. 2021) (12(b)(6) dismissal affirmed where Plaintiff filed complaint 91 days after receiving RTSL).

Plaintiff attempts to ignore the 90-day limitation by claiming neither he nor his counsel "received" the March 15 RTSL. Plaintiff's claim defies reason and lacks any plausible support in the record. Plaintiff asks the Court to disregard the March 15 RTSL despite the following facts: Plaintiff acknowledges the email addresses used by the EEOC are correct; both Plaintiff and his counsel communicated with the EEOC using these email addresses; Plaintiff and his counsel apparently received *every other* relevant email communication from the EEOC at these email address; *and* the City was copied on and received the *same* email. In other words, Plaintiff claims he did not receive the *one* email communication that precludes his Title VII claims.

In "support" of this claim, Plaintiff provides only self-serving affidavits[3], prepared after the City filed its MTD, essentially stating Plaintiff, his counsel, and a paralegal

---

[2] Contrary to Plaintiff's assertion, the March 15 EEOC email and RTSL are not matters outside of the pleadings for purposes of Rule 12(b)(6). *See, e.g., Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (explaining that a court may consider exhibits referred to in a complaint, even if not attached to it, lest a "plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit."). Here, Plaintiff attempted to do just that by failing to acknowledge the March 15 RTSL.

[3] Unlike the MTD Exhibits, Plaintiff's affidavits *are* improper matters outside of the pleading and should be excluded by the Court, particularly where the MTD itself does not rely on matters outside of the pleadings. Fed. R. Civ. P. 12(d); n.2, *supra*. If the Court elects to convert the MTD to a Rule 56 motion, which it should not, the City

2

"searched" for the March 15 Email containing the March 15 RTSL but could not find it. [Docs. 19-1, 2, and 3]. Plaintiff does not claim the EEOC was experiencing email or technological issues at the time. Plaintiff does not claim that he or his counsel experienced any email or technological issues at the time. Plaintiff does not even attempt to provide an explanation as to why this single, dispositive email allegedly vanished, but only from certain inboxes.

Plaintiff's attempt to distinguish this case from *Mahroom v. Defense Language Institute*, 732 F.2d 1439 (9th Cir. 1984) is unavailing. Plaintiff argues *Mahroom* is inapplicable because he did not receive the March 15 RTSL. Plaintiff cannot avoid the effect of the March 15 RTSL simply by denying he received it – to do so would allow any claimant to allow the 90-day limitation to expire, then obtain a new 90-day period to file suit simply by contacting the EEOC claiming not to have received the first RTSL. *Mahroom* rejected a similar effort; the only distinction being the plaintiff in *Mahroom* tried to extend the original limitation period by asking the EEOC to "reconsider" its earlier decision. 732 F.2d at 1440. *Mahroom* held that absent any indication to revoke its prior decision, the EEOC cannot extend the statutory limitation period by issuing a second right to sue letter at the request of a claimant. *Id.* It does not matter whether the EEOC sent a second RTSL because the claimant asked for a reconsideration, or as in this case, because the Plaintiff asked for a new letter based on an unsupported claim that he did not receive the first RTSL. The June 28 RTSL is "without effect." *Id*. Plaintiff does not attempt to distinguish any of the other authority cited in the MTD holding that the issuance of a second RTSL cannot extend the original 90-day limitation period.

**B. Plaintiff is not entitled to equitable tolling**

Plaintiff argues the Court should apply the principle of equitable tolling to save his untimely suit. Equitable tolling is an extraordinary remedy that must be applied sparingly.

---

must be "given a reasonable opportunity" to present its own affidavits. Fed. R. Civ. P. 12(d).

3

*Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997). "Courts have been generally unforgiving ... when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights,'" *Id.*, *citing Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (*quoting Irwin v. Veterans Admin.*, 498 U.S. 89 (1990).

Plaintiff's citation to *Nelmida* is surprising because *Nelmida* demonstrates why Plaintiff is not entitled to equitable tolling. *Nelmida* denied equitable tolling to a plaintiff who claimed she did not receive her RTSL. 112 F.3d at 381-86. The EEOC sent the RTSL to the address provided by the plaintiff, but she resided at the address sporadically, claimed her mail was lost, and asked the EEOC for another RTSL. *Id.* at 382. The Ninth Circuit declined to apply equitable tolling because the EEOC sent the RTSL to the address provided by plaintiff and she failed to diligently pursue her claim after realizing the RTSL may have been "lost in the mail." *Id.* at 384-85.

Equitable tolling is likewise unavailable to Plaintiff in this case because the EEOC sent the March 15 RTSL to the email addresses provided by Plaintiff and his counsel. [Doc. 17-1]. Plaintiff and his counsel regularly communicated with the EEOC using these email addresses. [*See, e.g.,* Docs. 17-3; 12 at ¶¶ 108-122; 12-2; and 19 at p. 5]. The EEOC also sent the March 15 RTSL to the City in the *same* email.  The City should also be allowed to rely on the March 15 RTSL as setting the deadline for Plaintiff to file a claim. The 90-day limitation of actions, such as the one triggered by the March 15 RTSL, helps assure fairness to defendants. *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 428 (1965). Moreover, the City's receipt of the March 15 RTSL, containing the email addresses Plaintiff provided to the EEOC and used to communicate with the EEOC, satisfies the City's burden of proof as to its affirmative defense. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007).

Equitable tolling is also unavailable because Plaintiff failed to diligently pursue his claims or take any reasonable steps to preserve his rights. Plaintiff admits the EEOC notified him on March 13, 2024 that it was going to issue a RTSL. [Doc. 12, ¶ 113]. Neither Plaintiff nor his counsel provide any explanation as to why they waited until June 26, 2024

4

(more than 90 days) to follow up on the status of the RTSL. [Doc. 12, ¶ 115]. The *Nelmida* court recognized that the plaintiff had time to assert a timely claim – even after claiming she didn't receive the original RTSL and obtained another copy – but failed to do so. 112 F.3d at 385. If Plaintiff or his counsel had followed up with the EEOC in a timely manner after March 15, 2024, they would have learned the EEOC had issued the March 15 RTSL. There is no basis to apply equitable tolling where a represented claimant waits more than 90 days to follow up on the issuance of a RTSL he knows is being issued, especially when he is aware 90 days is an operative limitation to his claims.

**C. Plaintiff has not asserted a claim for hostile work environment, so his claims based on events or actions before February 25, 2023 are barred**

The MTD also addresses untimely allegations in Plaintiff's two Title VII claims, discrimination based on sex, and retaliation. The SAC does not allege a claim for hostile work environment, yet Plaintiff relies on *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) in support of his argument that:

> [i]t does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

[Doc. 19 at p. 7]. Because there is no claim for hostile work environment in the SAC, the Court may not consider alleged acts before February 25, 2023 to support Plaintiff's discrimination and retaliation claims. Plaintiff must allege discrete acts of discrimination and retaliation *within* the statutory time frame. *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 585 (9th Cir. 2000). Here, that time frame is limited to discrete acts of alleged discrimination and retaliation occurring after February 25, 2023, based on Plaintiff's December 22, 2023 EEOC charge. *Id.*; [Doc. 12, ¶ 108]. Plaintiff cannot apply the standard for acts supporting a hostile work environment claim to his discrimination or retaliation claims. To the extent his discrimination and retaliation claims are based on events in the

SAC that occurred before February 25, 2023, these events must not be considered by the Court.

### D. Conclusion

Plaintiff cannot survive 12(b)(6) dismissal simply by denying he received the March 15 RTSL. The City has pointed to evidence in the SAC indicating Plaintiff's claim is implausible under the circumstances; Plaintiff and his counsel provided their email address to the EEOC, Plaintiff and his counsel regularly communicated with the EEOC using the same email address, and the City received the March 15 RTSL in the same email as Plaintiff and his counsel. The SAC also demonstrates Plaintiff failed to take diligent or even reasonable efforts to protect his rights, so there is no basis to apply equitable tolling. Finally, alleged acts outside of the statutory timeframe may be used to support a hostile work environment claim, but not Plaintiff's discrimination and retaliation claims. For these reasons, the MTD should be granted.

Respectfully submitted this 26th day of December, 2024

/s/ Matthew J. Mansfield
Sarah R. Anchors
Matthew J. Mansfield
TEMPE CITY ATTORNEY'S OFFICE
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2024, I electronically transmitted the attached document to the Clerk's office using CM/ECF system for filing and transmittal of a Notice of Electronic Filing and a true and correct copy of the foregoing was served on the following CM/ECF registrants:

Anjali J. Patel
Christina Locher
Tyler Allen Law Firm, PLLC
4201 N. 24th Street, Suite 200
Phoenix, AZ 85016
anjali@allenlawaz.com
christina@allenlawaz.com
*Attorneys for Plaintiff*

 /s/ Cheongsil Byun