# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Bartel, | No. CV-24-02519-PHX-MTM |
|      Plaintiff, | **ORDER** |
|        v. | |
| The City of Tempe, an Arizona Municipal Corporation, | |
|      Defendant. | |

Pending before the Court is Defendant The City of Tempe's Motion to Dismiss Counts I and II of the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 17.) For the following reasons, the Court will grant the Motion, in part.

## I.    Background

On November 20, 2024, Plaintiff Steven Bartel filed a Second Amended Complaint against Defendant alleging claims pursuant to Title VII of the Civil Rights Act ("Title VII") and the Fair Labor Standards Act ("FLSA"). (Doc. 12.) The Complaint alleges that Defendant, while Plaintiff's employer, discriminated against Plaintiff on the basis of Plaintiff's sex and retaliated against him for his reports of the same and for disclosing Defendant's ongoing FLSA violations. (*Id.*) Plaintiff claims that Defendant retaliated against him by falsely alleging misconduct and unsatisfactory performance, and then terminated Plaintiff in retaliation for his complaints four days after meeting with

Defendant's Human Resources representatives regarding his complaint. (*Id.*) Plaintiff states that he has suffered damages including lost wages and emotional distress as a result of Defendant's actions. (*Id.*)

Shortly after being served with the Second Amended Complaint, Defendant filed the instant Motion to Dismiss. (Doc. 17.) Plaintiff filed a Response and Defendant filed a Reply. (Docs. 19, 23.)

## II. Legal Standard

Under Rule 12(b)(6), a court may grant a party's motion to dismiss when the complaint fails "to state a claim upon which relief can be granted." When faced with a motion to dismiss, courts typically "look only at the face of the complaint." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

To survive Defendant's Rule 12(b)(6) motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 550. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court will accept all well-pleaded factual allegations as true and interpret the complaint in the light most favorable to the plaintiff, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish facial plausibility. *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

## III. Discussion

In its Motion, Defendant first claims that Plaintiff's Title VII claims are time-

barred because he failed to file a lawsuit within 90 days of receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). Next, Defendant argues that to the extent the Court finds that Plaintiff's claims are not time-barred, any allegations based on events or actions occurring before February 25, 2023, must not be considered because they happened more than 300 days before Plaintiff filed his charge of discrimination with the EEOC.

Title VII "makes it 'an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 63 (1986). Before a plaintiff may file a Title VII suit in federal court, he must first file a charge with the EEOC. Plaintiff's EEOC charge must be filed "within 300 days after the alleged unlawful practice occurred." *Bond v. Wells Fargo Bank NA*, 2021 WL 5850877, *3 (D. Ariz. Dec. 9, 2021) (citations omitted). "[U]nlawful employment practices" include "numerous discrete acts," such as failure or refusal to hire, discharge, or discrimination with respect to an individual's compensation. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113.

If the EEOC issues a right-to-sue letter, the plaintiff then has 90 days to file a lawsuit. *See Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1113 (9th Cir. 2018) ("[T]he 90-day period for an aggrieved person to file a civil action under Title VII begins when the person is given notice of the right to sue from the EEOC . . . ."). "This ninety-day period is a statute of limitations. Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) (citation omitted).

Initially, the Court notes that both parties address and rely upon the charge of discrimination filed with the EEOC on December 22, 2023 and the EEOC's notice of right sue letters issued on March 15, 2024 and June 28, 2024. (Doc. 12-1, 12-2, 17-2.)

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). For materials incorporated by reference, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder*, 450 F.3d at 448. A court may also "take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Here, the Court will consider Plaintiff's charge of discrimination and the right to sue letters from the EEOC as documents of an administrative body attached to the complaint and matters of judicial notice. *See United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (judicial notice is appropriate for "records and reports of administrative bodies"); *Reed v. Cognizant Tech. Sols.*, 2020 WL 3268691, at *1 n.1 (D. Ariz. June 16, 2020) (taking judicial notice of "EEOC complaint and the right-to-sue letter"). However, the Court declines to consider the affidavits and other material attached to the parties' briefing in this matter.

As to the merits of Defendant's Motion, Defendant has produced a right to sue letter (or email) issued to Plaintiff and Plaintiff's counsel dated March 15, 2024. The letter states, in pertinent part, "If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice." The record reflects that Plaintiff initiated proceedings in this Court by filing a complaint on September 20, 2024. Thus, it would appear that Plaintiff's Title VII claims are time-barred. *See Surrell v. California Water Service Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008)

("Once a person receives an EEOC right-to-sue letter, she has 90 days to file suit"); *see also Nelmida*, 112 F.3d at 383 ("This ninety-day period is a statute of limitations. Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred.") (cleaned up).

Plaintiff, however, alleges in his Second Amended Complaint that neither he nor his counsel ever received the March 15, 2024 right to sue letter, and that Plaintiff informed both the EEOC and the Department of Justice of this fact. (Doc. 12.) Plaintiff states that the Department of Justice re-issued its notice of right to sue letter dated June 28, 2024. (*Id.*) The June 28, 2024 right to sue letter, attached as an exhibit to Plaintiff's Second Amended Complaint, also states, in pertinent part, "If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice." (Doc. 12-2.)

Although Plaintiff essentially offers no explanation as to why he and his counsel received the June 28, 2024 notice and not the March 15, 2024 notice despite the fact that both notices were sent to the same email addresses each time, Defendant has challenged the timeliness of Plaintiff's Title VII claims by filing a motion to dismiss under Rule 12(b)(6). As noted above, in considering such a motion, the Court must accept as true the factual allegations in the complaint. Here, Plaintiff has specifically alleged that he and his counsel did not receive the March 15, 2024 notice, and has attached the same notice with a June 28, 2024 date that states "If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice." Accepting these allegations as true would render Plaintiff's Title VII claims timely.

Thus, for purposes of the instant Motion to Dismiss only, the Court will deny Defendant's timeliness argument regarding Plaintiff's Title VII claims.

In part two of Defendant's Motion, Defendant states that any allegations based on events or actions occurring before February 25, 2023, must not be considered because they happened more than 300 days before Plaintiff filed his charge of discrimination with the EEOC.

As noted above, "A charge under [Title VII] shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e-5(e)(1). Plaintiff's EEOC charge was filed on December 22, 2023. (Doc. 12-1.) As a result, allegations based on events or actions occurring before February 25, 2023 (300 days before the EEOC charge) are time-barred and must not be considered. 42 U.S.C. § 2000e-5(e)(1); *see Nat'l R.R. Passenger Corp.*, 536 U.S. at 113 ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the . . . 300-day time period after the discrete discriminatory act occurred."); *Lyons v. England*, 307 F.3d 1092, 1108 (9th Cir. 2002) ("We hold that appellants' pre-limitations period claims, based on the alleged discriminatory assignment of details, are time-barred for the reasons set forth by the Supreme Court in [*Nat'l R.R. Passenger Corp.*].").

Plaintiff, however, claims in his Response that the allegations set forth in the Second Amended Complaint both before and after the charge of discrimination establish a series of acts that demonstrate a hostile work environment. (Doc. 19.) He states that the allegations of discrimination preceding February 25, 2023, are not discrete acts, but rather constitute the beginning of a series of acts that collectively constitute one unlawful employment practice. (*Id.*)

While a claim alleging a hostile work environment may include acts that fall outside of the 300-day statutory period, *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114-17 (hostile work environment claims are "based on the cumulative effect of individual acts" that collectively form a single "unlawful employment practice"), Plaintiff has not alleged a hostile work environment claim. Rather, Plaintiff alleges claims of discrimination based on sex and retaliation. As such, Plaintiff must allege discrete acts of discrimination and retaliation within the statutory time frame. The fact that some discrete acts fall within the statutory period does make other discrete acts occurring outside the statutory time-period timely. *Id.* at 112.

Accordingly, any allegations arising out of acts that occurred before February 25,

2023, are time-barred. The Court will grant part two of Defendant's Motion.

**IV.    Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss will be granted in part and denied in part. Specifically, the Court denies part one of Defendant's Motion contending that Plaintiff's Title VII claims are time-barred because he failed to file a lawsuit within 90 days of receiving a right to sue letter. The Court grants part two of Defendant's Motion arguing that allegations based on events or actions occurring before February 25, 2023, must not be considered because they happened more than 300 days before Plaintiff filed his charge of discrimination.

Accordingly,

**IT IS ORDERED** granting in part and denying in part Defendant's Motion to Dismiss (Doc. 14) as set forth above.

Dated this 21st day of April, 2025.

Honorable Michael T. Morrissey
United States Magistrate Judge

- 7 -