ERIC C. ANDERSON #016114
SARAH R. ANCHORS #025344
MATTHEW J. MANSFIELD #024046
**TEMPE CITY ATTORNEY'S OFFICE**
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
Phone: (480) 350-8227
Fax: (480) 350-8645
Cityattorney_administrator@tempe.gov
Sarah_Anchors@tempe.gov
Matthew_Mansfield@tempe.gov
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Bartel,<br><br>   Plaintiff,<br>v.<br><br>The City of Tempe, an Arizona Municipal Corporation,<br><br>   Defendant. | Case No. 2:24-cv-02519-MTM<br><br>Answer to Second Amended Complaint (Doc. 12) |

Defendant City of Tempe ("City"), for its answer to the Second Amended Complaint (Doc. 12, the "SAC"), filed by Plaintiff Steven Bartel, responds as follows.

1. Responding to paragraph 1 of the SAC, City admits only that the SAC refers to Title VII and denies all liability thereunder. City denies that Plaintiff's Title VII claim is timely and denies any liability under Title VII.

2. Responding to paragraph 2 of the SAC, City admits only that the SAC refers to FLSA and denies all liability thereunder.

3. City denies paragraph 3 of the SAC.

4. City denies paragraph 4 of the SAC.

1     5.     Upon information and belief, City admits paragraph 5 of the SAC.

2     6.     City admits paragraph 6.

3     7.     City admits paragraph 7.

4     8.     City admits paragraph 8.

5     9.     City admits paragraph 9.

6     10.    Responding to paragraph 10 of the SAC, City admits that the SAC references the laws cited in that paragraph but denies any wrongdoing thereunder. City denies that Plaintiff's Title VII claim is timely.

7     11.    City admits paragraph 11 of the SAC.

8     12.    City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

9     13.    Responding to paragraph 13 of the SAC, City admits that it receives federal grant funding, and denies the remainder of the allegations in paragraph 13.

10    14.    Responding to paragraph 14 of the Complaint, City admits this Court has jurisdiction, and City denies the remainder of allegations in paragraph 14 of the SAC.

11    15.    City admits venue is proper but denies the remainder of the allegations in paragraph 15 of the SAC.

12    16.    Responding to paragraph 16, City admits only that Plaintiff began volunteering as a tutor for City's Experience Corp in September 2019. City denies the remainder of allegations in paragraph 16.

13    17.    Responding to paragraph 17, City admits only that Plaintiff received training before starting to tutor children in the Experience Corps program, and City denies the remaining allegations in paragraph 17 of the SAC.

14    18.    Responding to paragraph 18, City admits that it has received federal Elementary and Secondary School Emergency Relief ("ESSER") funds related to COVID-19 relief, and those funds provided some funding to City's Experience Corps. program. City lacks knowledge or information sufficient to form a belief about the truth of the remainder allegations in paragraph 18.

19. City admits paragraph 19 of the SAC.

20. Responding to paragraph 20 of the SAC, City admits only that City hired Plaintiff in 2022 as a Site Specialist in City's AARP Foundation Experience Corps program as a temporary, part-time, non-exempt, non-benefitted employee to work up to 29 hours per week with a pay rate of $24.00 per hour. City denies the remainder of the allegations in paragraph 20.

21. Responding to paragraph 21, City admits only that Plaintiff was hired as a non-exempt, part-time employee and City denies the remainder of paragraph 21 of the SAC. . City denies the remainder of the allegations in paragraph 21.

22. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. City admits paragraph 23 of the SAC.

24. Responding to paragraph 24 of the SAC, City denies it unlawfully terminated Plaintiff's employment. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 24.

25. Responding to paragraph 25 of the SAC, City admits that in Fall 2022, Plaintiff was recognized by the AARP Foundation for his volunteering. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 25.

26. The allegations in paragraph 26 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, City denies paragraph 26 of the SAC.

27. The allegations in paragraph 27 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, City denies paragraph 27 of the SAC.

28. The allegations in paragraph 28 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, City denies paragraph 28 of the SAC.

29. Allegations in paragraph 29 preceding 300 days prior to Plaintiff filing the EEOC charge are dismissed pursuant to Order, Doc. 24, and so no response is required. To the extent a response is required, City admits only that during his time of employment as a paid employee, Plaintiff was the only male in the Experience Corp group of paid employees, and City denies the remainder of paragraph 29 of the SAC.

30. Allegations in paragraph 30 preceding 300 days prior to Plaintiff filing the EEOC charge are dismissed pursuant to Order, Doc. 24, and so no response is required. To the extent a response is required, City denies paragraph 30 of the SAC.

31. Allegations in paragraph 31 preceding 300 days prior to Plaintiff filing the EEOC charge are dismissed pursuant to Order, Doc. 24, and so no response is required. To the extent a response is required, City denies paragraph 31 of the SAC.

32. Allegations in paragraph 32 preceding 300 days prior to Plaintiff filing the EEOC charge are dismissed pursuant to Order, Doc. 24, and so no response is required. To the extent a response is required, City denies paragraph 32 of the SAC.

33. The allegations in paragraph 33 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, City admits only that Plaintiff complained at times of being assigned more work, but City denies that Plaintiff was assigned to do more work than his counterparts and City denies the remainder of allegations in paragraph 33 of the SAC.

34. Responding to paragraph 34, City admits only that Plaintiff worked on some reference checking for potential tutors. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 34.

35. City denies paragraph 35 of the SAC.

36. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37. The allegations in paragraph 37 are dismissed pursuant to the Order, Doc. 24. City denies paragraph 37 of the SAC.

38. The allegations in paragraph 38 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, City admits only that Kimberly Carpenter, a full-time Site Specialist, left City's employ. City denies the remainder of paragraph 38.

39. The allegations in paragraph 39 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, City denies paragraph 39 of the SAC.

40. Responding to paragraph 40, City admits only that Plaintiff was assigned to organize and inventory the book room. City denies the remainder of paragraph 40.

41. Responding to paragraph 41, City admits only that: City hired Darcy Zeiger in 2023, Plaintiff directly report to Zeiger who reported to Burner, and that Zeiger had a meeting with the site specialists regarding assignments and responsibilities. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 41.

42. City admits that Zeiger had a chart of site specialists' responsibilities. City denies the remainder of paragraph 42.

43. City denies paragraph 43 of the SAC.

44. City admits paragraph 44 of the SAC except to correct that "full-time" is 40 hours.

45. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

46. City denies paragraph 46 of the SAC.

47. The allegations in paragraph 47 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, City admits only that Plaintiff was the only male employee in Experience Corps and that in December 2022, there was a holiday luncheon at McNally's residence, and that McNally was an employee. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 47.

1  48. The allegations in paragraph 48 are dismissed pursuant to the Order, Doc. 24. City admits paragraph 48.

2  49. The allegations in paragraph 49 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, City denies the allegations in paragraph 49.

50. The allegations in paragraph 50 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, City denies the allegations in paragraph 50.

51. The allegations in paragraph 51 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, City denies the allegations in paragraph 51 as to any sexually explicit game being played and City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 51.

52. The allegations in paragraph 52 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, City admits only that Burner approached Plaintiff and said something to the effect of "I hope you weren't offended" and Plaintiff replied something to the effect of "Don't let it happen again." City denies the remainder of allegations in paragraph 52.

53. City admits paragraph 53 of the SAC.

54. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54.

55. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55.

56. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56.

57. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.

58. City denies paragraph 58 of the SAC.

1  59. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.

2  60. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60.

3  61. Responding to paragraph 61, City admits only that Burner and some other City staff when to a store at Tempe Marketplace on April 12, 2023. City admits only that Burner said the word "penis" once by mistake and City denies the remainder of the first sentence of paragraph 61. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 61.

4  62. Responding to paragraph 62, City admits only that some Experience Corps staff, including Plaintiff, Zeiger and Burner, went to a restaurant in May 2023. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 62.

5  63. Responding to paragraph 63, City admits only that a person at the table used the words "balls" in reference to a dish delivered to the table. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 63.

6  64. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64.

7  65. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65.

8  66. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66.

9  67. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67.

10  68. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68.

69. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69.

70. Responding to paragraph 70 of the SAC, City admits only that Zeiger reported to Burner certain issues Zeiger and Plaintiff discussed. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 70.

71. Responding to paragraph 71 of the SAC, City admits only that on June 9, 2023, Burner sent an email to Experience Corp staff that, among other things, directed recipients to only work the maximum hours their classification allowed, including a maximum of 29 hours per week for Plaintiff and another employee, and requested recipients to respond to the email confirming receipt. City denies all remaining allegations in paragraph 71.

72. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72.

73. Responding to paragraph 73, City admits only that Burner and Plaintiff spoke on June 12, 2023 by telephone regarding Plaintiff's questions about, among other things, work hours, exempt versus hourly employee, and overtime hours, and Plaintiff told Burner that he was going to HR. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 73.

74. Responding to paragraph 74, City admits only that Plaintiff complained to HR in or around June 2023 about his work hours. City denies the remainder of allegations in paragraph 74.

75. Responding to paragraph 75, City admits that only that Plaintiff emailed Burner, copying Zeiger and Rios-Chavez, on the evening of June 15, 2023. City denies the remainder of the allegations in paragraph 75.

76. Responding to paragraph 76 of the SAC, City admits only that Plaintiff and Rios-Chavez met on June 16, 2023 regarding Plaintiff's claim that a full-time employee was told not to put in her timecard hours that she worked over a 40-hour work week and to

8

instead work less the following week, and that Rios-Chavez informed Plaintiff that employees were required to enter the accurate number of hours worked each day. City denies the remainder of the allegations in paragraph 76.

77. Responding to paragraph 77 of the SAC, City admits only that Plaintiff and Rios-Chavez met on June 16, 2023 regarding Plaintiff's claim that another employee was told not to put in her timecard that she exceeded working 40 hours in a week and to instead work less the following week. City denies the remainder of the allegations in paragraph 77.

78. Responding to paragraph 78, City admits only that Plaintiff emailed Rios-Chavez and copied Burner on June 16, 2023, at 11:57 a.m., stating "I'm withdrawing any and all allegations you have interpreted from this morning's meeting." City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 78.

79. Responding to paragraph 79, City admits only that Heath and Plaintiff worked on the summer school for several weeks. City denies the remainder of allegations in paragraph 79.

80. Responding to paragraph 80, City admits only that on June 28, 2023, Zeiger and Burner met with Plaintiff. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 80.

81. City lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 81.

82. City lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 82.

83. City lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 83.

84. City lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 84.

85. City lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 85.

9

86. City lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 86.

87. Responding to paragraph 87, City admits only that Zeiger emailed Plaintiff, copying Burner, with the subjected line "6/28 Meeting Summary" that provided a summary of the discussion June 28, 2023; and City admits Plaintiff responded to the email "I understand and agree." City denies the remainder of allegations in paragraph 87.

88. City lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 88.

89. Responding to paragraph 89, City admits only that Bell on occasion exceeded her scheduled 19.5 hours per week and was paid for those additional hours. City denies the remainder of paragraph 89.

90. Responding to paragraph 90, City responds that there was a verbal dispute between Plaintiff and Bell in the library on August 17, 2023 and that other staff was present. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 90.

91. Responding to paragraph 91, City admits there was a "mediation" on August 22, 2023 of the dispute between Plaintiff and Bell, and that Zeiger and Burner were present. City on lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 91.

92. Responding to paragraph 92, City admits only that there was a mediation to attempt to resolve the dispute. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 92.

93. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93.

94. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94.

95. Responding to paragraph 95, City admits only that Plaintiff sent an email August 20, 2023 to Burner, copying Rios-Chavez, Zeiger, and Raymond with the subject

1 line "Pamela Bell's Complaint Against Me" that contained complaints about Bell's treatment of him. City denies the remainder of allegations in paragraph 95.

96. Responding to paragraph 96, City admits only that on September 9, 2023, Plaintiff sent an email to Raymond and Rios-Chavez, copying Keith Burke and Naomi Farrell, stating that he had sent a description of complaints against Burner and Bell more than a week prior and had not heard back. City denies the remainder of paragraph 96.

97. City admits the first sentence of paragraph 97. City lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 97.

98. City admits paragraph 98 of the SAC.

99. Plaintiff denies the first phrase two phrases in the first sentence of paragraph 99, from "Defendant's alleged basis" to "Experience Corps rules". City lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 99.

100. City denies paragraph 100 of the SAC.

101. City admits paragraph 101 of the SAC.

102. City denies paragraph 102 of the SAC.

103. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.

104. City denies paragraph 104 of the SAC.

105. City denies paragraph 105 of the SAC.

106. City denies paragraph 106 of the SAC.

107. City denies paragraph 107 of the SAC.

108. Responding to paragraph 108, City denies that all of the claims in the EEOC charge are timely.

109. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109.

110. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110.

111. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111.

112. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112.

113. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113.

114. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114.

115. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115.

116. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116.

117. City denies the allegations in paragraph 117.

118. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118.

119. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119.

120. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120.

121. City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121.

122. Responding to paragraph 122, City denies that Plaintiff's Title VII claims are timely filed.

123. Responding to paragraph 123, City incorporates by reference all of the preceding paragraphs of this Answer.

124. The allegations in paragraph 124 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, paragraph 124 is denied.

125. The allegations in paragraph 125 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, City denies paragraph 125.

126. The allegations in paragraph 126 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, paragraph 126 is denied.

127. City denies paragraph 127.

128. The allegations in paragraph 128 are dismissed pursuant to the Order, Doc. 24, and so no response is required. To the extent a response is required, paragraph 128 is denied. City denies paragraph 128.

129. City denies paragraph 129.

130. City denies paragraph 130.

131. There is no allegation at paragraph 131.

132. Responding to paragraph 132, City incorporates by reference all of the preceding paragraphs of this Answer.

133. City admits paragraph 133.

134. City denies paragraph 134.

135. City denies paragraph 135.

136. City denies paragraph 136.

137. City denies paragraph 137.

138. City denies paragraph 138.

139. Responding to paragraph 139, City incorporates by reference all of the preceding paragraphs of this Answer.[1]

---

[1] The heading for this third claim for relief in the Complaint is mislabeled as "Count IV"; it is actually Count III.

13

140. Responding to paragraph 140, City admits that Plaintiff complained of what he perceived as FLSA violations, but denies any violations.

141. City denies paragraph 141 of the SAC.

142. City denies paragraph 142 of the SAC.

143. City denies paragraph 143 of the SAC.

144. City denies paragraph 144 of the SAC.

145. Responding to paragraph 145, City does not deny Plaintiff's right to a jury trial but City denies any wrongdoing and believes this matter may be resolved on dispositive motion.

## GENERAL DENIAL

City denies all allegations in the SAC not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The SAC fails to state a claim.

2. The SAC is barred in whole or in part by the statute of limitations, including the time limits set forth in 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(e) (including, without limitation, the 90-day deadline for filing a suit after receipt of the right-to-sue letter).

3. Plaintiff's claim is barred because City acted reasonably and in good faith compliance with the law.

4. Plaintiff's claims are barred in whole or in party by the doctrines of waiver and estoppel.

5. The SAC's claims that Plaintiff is entitled to relief against "Defendants" is barred because City is the only defendant in this case.

6. City did not violate FLSA.

7. Plaintiff is not entitled to punitive damages.

8. Plaintiff is not entitled to liquidated damages.

9. Plaintiff failed to mitigate his damages.

14

10. Plaintiff's claims are, or upon discovery may be found to be, barred, in whole or in part, based on the affirmative defenses identified in Fed. R. Civ. P. 8.

11. City reserves the right to amend its Answer to add additional affirmative defenses upon conducting discovery in this action pursuant to the Federal Rules of Civil Procedure.

Having fully answered the Second Amended Complaint, Defendant request that judgment be granted in its favor, that Plaintiff takes nothing, and that Defendant be awarded its fees and costs.

Respectfully submitted this 6th day of May, 2025.

*/s/ Sarah R. Anchors*
Sarah R. Anchors
Matthew J. Mansfield
TEMPE CITY ATTORNEY'S OFFICE
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2025, I electronically transmitted the attached document to the Clerk's office using CM/ECF system for filing and transmittal of a Notice of Electronic Filing and a true and correct copy of the foregoing was served on the following CM/ECF registrants:

Anjali J. Patel
Christina Locher
Tyler Allen Law Firm, PLLC
4201 N. 24th Street, Suite 200
Phoenix, AZ 85016
anjali@allenlawaz.com
christina@allenlawaz.com
*Attorneys for Plaintiff*

 /s/ Brenda J. Peeler

.