# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Bartel, | No. CV-24-02519-PHX-MTM |
| Plaintiff, | **CASE MANAGEMENT ORDER** |
| v. | |
| City of Tempe, | |
| Defendant. | |

The parties have filed their joint proposed case management plan in accordance with Federal Rules of Civil Procedure 26(f). (Doc. 27.) The Court will select case-management deadlines from the parties' suggestions, with some adjustments, as ordered below. Because there are no issues the Court or the parties need to raise at an in-person hearing, the Court concludes a case management conference is no longer necessary. Accordingly, the Court issues this Case Management Order:

**IT IS ORDERED** the case management conference set for May 30, 2025, is VACATED.

**IT IS FURTHER ORDERED** setting the following case-management deadlines:

1. <u>Initial Disclosures</u>

If the parties shall make their mandatory initial disclosures no later than <u>June 6, 2025</u>.

2. <u>Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>

The deadline for the parties to join parties or otherwise amend the pleadings shall

be June 13, 2025.

3. <u>Discovery Limitations</u>

Depositions are limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure. Each party may also propound up to twenty-five (25) interrogatories, including discrete subparts, up to twenty-five (25) requests for production of documents, including discrete subparts, and up to twenty-five (25) requests for admissions, including discrete subparts. The parties may increase the limitations set forth in this paragraph by written agreement, but such an increase will not result in an extension of the discovery deadlines set forth below.

4. <u>Fact Discovery</u>

The deadline for completing fact discovery, including discovery by subpoena, shall be December 26, 2025. To ensure compliance with this deadline, the following rules shall apply:

a. All depositions shall be scheduled to commence at least **five business days** prior to the discovery deadline. A deposition commenced five business days prior to the deadline may continue up until the deadline, as necessary.

b. Per the terms of the joint case management report, all interrogatories, requests for production of documents, and requests for admissions shall be served by November 7, 2025. The parties may agree in writing, without Court approval, to extend the time for discovery responses provided in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

c. The parties must state with specificity objections to interrogatories, requests for admissions, and requests for production. The Court will not consider "general" or "global" objections.

5. <u>Expert Disclosures and Discovery</u>

a. Plaintiff shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than January 23,

2026.

  b. Defendant shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than February 23, 2026.

  c. Rebuttal expert disclosures, if any, shall be made no later than March 20, 2026. Rebuttal experts are limited to responding to opinions stated by initial experts.

  d. Expert depositions shall be completed no later than April 10, 2026. As with fact witness depositions, expert depositions shall be scheduled to commence at least **five business days** before the deadline.

  e. Disclosures under Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure must include the identities of treating physicians and other witnesses who will provide testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witnesses will testify but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.

  f. An expert witness who has not been timely disclosed will not be permitted to testify unless the party offering such witness demonstrates that: (a) the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

  g. Each party is limited to one retained or specially employed expert witness per issue.

  6. <u>Discovery Disputes</u>

      a.     Parties shall not seek the Court's intervention in a discovery dispute without first seeking to resolve the matter through personal or telephonic consultation and sincere effort as required by LRCIV 7.2(j).  Any briefing ordered by the Court must also comply with LRCiv 7.2(j.).

      b.     Any motion to compel discovery filed pursuant to Fed. R. Civ. P. 37 must comply with LRCIV 37.1.  Failure to comply with LRCIV 37.1 may result in summary denial of the motion.

      c.     Motions pertaining to discovery shall be filed no later than April 17, 2026.  However, all discovery-related motions shall be filed as soon as practicable; a motion to compel discovery may be denied for lack of diligence even when filed before the deadline.  *V5 Technologies v. Switch, LTD*., 332 F.R.D. 356, 362-63 (D.Nev. 2019) ("Litigants cannot unduly delay filing a discovery motion with impunity; the circumstances of a particular case may render untimely a discovery motion filed within the discovery period.").

7.    <u>Good Faith Settlement talks</u>

All parties and their counsel shall meet in person and engage in good faith settlement talks no later than February 20, 2026. Upon completion of such settlement talks, and no later than February 27, 2026, the parties shall file a joint report on settlement talks.  The Report shall (a) inform the Court that the parties engaged in good faith settlement talks; (b) state the outcome of such talks; and (c) indicate whether the parties need assistance from the Court in seeking settlement of the case.  The parties shall promptly file a notice of settlement with the Court at any time when settlement is reached during the course of this litigation.

8.    <u>Dispositive Motions</u>

      a.     Dispositive motions shall be filed no later than May 1, 2026. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

      b.     **No party may file more than one motion for summary judgment**

**under Rule 56 of the Federal Rules of Civil Procedure without first obtaining permission, by joint stipulation, from this Court.**

      c.    Failure to respond to a motion within the time periods provided in LRCiv 7.2 will be deemed consent to the granting of the motion, and the Court may dispose of the motion summarily pursuant to LRCiv 7.2(i).

      d.    The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to LRCiv 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

    9.    <u>Notice of Readiness for Pretrial Conference</u>

Plaintiff shall notify the Court that the parties are ready for scheduling a final pretrial conference pursuant to Rule 16(e) of the Federal Rules of Civil Procedure. Plaintiff shall file and serve this notice within **10 days** after the dispositive motion deadline if no dispositive motions are pending on that date. If dispositive motions are pending, Plaintiff shall file and serve the notice within **10 days** after the resolution of dispositive motions. The Court will then issue an appropriate pretrial order.

    10.    <u>The Deadlines are Firm</u>

The parties are advised that the Court will enforce the deadlines set forth in this Order; the parties should plan accordingly.

Dated this 21st day of May, 2025.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge