Anjali J. Patel SBN 28138
Christina Locher SBN 027472
**Tyler Allen Law Firm, PLLC**
4201 North 24th Street, Suite 200
Phoenix, AZ 85016
Phone: (602) 456-0545
Fax: (602) 995-3999
anjali@allenlawaz.com
christina@allenlawaz.com
*Attorneys for Plaintiff Steven Bartel*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Bartel,<br>　　　　　　　Plaintiff,<br>v.<br>The City of Tempe, an Arizona Municipal Corporation,<br>　　　　　　　Defendant. | No. 2:24-CV-02519-MTM<br><br>**STIPULATION TO PROTECTIVE ORDER** |

　　　The parties herein, by and through their respective undersigned counsel, stipulate that the Court may enter the Protective Order served and filed herewith. The reason for the proposed Protective Order is to preserve the privacy of Plaintiff's highly sensitive medical records to be disclosed in this matter.

　　　DATED this 24th day of September, 2025.

　　　　　　　　　　　　　　　　　　TYLER ALLEN LAW FIRM, PLLC


　　　　　　　　　　　　　　　　　　By: /s/ *Christina M. Locher*
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

-1-

DATED this 24th day of September, 2025.

The City of Tempe

By: /s/ *Christina M. Locher* (with permission)
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24 2025, I electronically filed the foregoing with the Clerk of Court for the United States District Court, District of Arizona by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Christina M. Locher*
Christina M. Locher
Attorney for Plaintiff Steven Bartel

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Bartel,<br><br>                Plaintiff,<br><br>v.<br><br>The City of Tempe, an Arizona Municipal Corporation,<br><br>                Defendant. | No. 2:24-CV-02519-MTM<br><br>**[PROPOSED]<br>PROTECTIVE ORDER** |

Upon the stipulation of the parties, and good cause appearing herefor,

IT IS HEREBY ORDERED that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Information or documents so designated may be referred to collectively as "confidential information."

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

    e. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the Confidential Information to any person set forth in section 4(c) or section 4(d), above, counsel shall:

    a. inform the person of the confidential nature of the information or documents; and

    b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court), and kept under seal until further order of the Court (provided, however, that the parties may file documents that contain Confidential Information not under seal if the particular Confidential Information contained within such documents is redacted from the documents that are filed). To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under seal.

8. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event after than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

9. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an

order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.