1  ERIC C. ANDERSON #016114
2  SARAH R. ANCHORS #025344
   JASON J. BOBLICK #026507
3  **TEMPE CITY ATTORNEY'S OFFICE**
   21 E. Sixth Street, Suite 201
4  P.O. Box 5002
5  Tempe, Arizona 85280
   Phone: (480) 350-8227
6  Fax: (480) 350-8645
7  Cityattorney_administrator@tempe.gov
   Sarah_Anchors@tempe.gov
8  Jason_Boblick@tempe.gov
9  *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Bartel, | Case No. 2:24-cv-02519-MTM |
| Plaintiff, | Emergency Motion for Protective Order |
| v. | |
| The City of Tempe, an Arizona Municipal Corporation, | |
| Defendant. | |

Defendant City of Tempe (the "City") moves for a protective order against requiring employee Nicole Burner to appear in person at a deposition on December 8, 2025 due to her significant mental health issues, and to require that deposition be held by Zoom or similar videoconference platform instead. Undersigned counsel certifies that she conferred by email with Plaintiff's counsel on this issue and requested that Ms. Burner's deposition be postponed until April when it is expected her mental issues will be much improved, or that her deposition be by remote means. Plaintiff's counsel refused the requests.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff have attempted to serve a subpoena on Nicole Burner, a City employee and former supervisor of the Plaintiff, for a deposition on December 8, 2025. A copy of that subpoena is attached hereto as Exhibit A. Despite not having served that subpoena, Plaintiff's counsel have informed undersigned counsel that they believe the notice is sufficient and they intend to proceed with the deposition. The City moves the Court for an order requiring that the deposition of Ms. Burner be held by remote means. Ms. Burner is on long-term disability leave due to her mental health until April 2, 2026, and is in a very fragile condition such that it would impose significant mental harm for her to have to appear at Plaintiff's counsel's office, with Plaintiff present, for a deposition.

Rule 30(b)(4) of the Federal Rules of Civil Procedure states that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). In the event of a dispute between the parties as to the location of a deposition, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... specifying terms, including time and place, for the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(B). "A party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1). "The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" by among other things "(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

The court has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Hyde & Drath v. Baker*, 24 F.3d. 1162, 1166 (9th Cir. 1994) (addressing discretion with respect to time and place of depositions). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–12 (9th Cir. 2002). The Ninth Circuit considers the hardship to the parties when determining whether there is good cause to grant a protective order. *Hyde & Drath*, 24 F.3d at 1166.

"In-person depositions have been standard operating practice, but the rules also provide courts with the authority to order a deposition to take place by telephone or other remote means if the circumstances so warrant." *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. 2020), *objections overruled,* No. 219CV01639JCMNJK, 2020 WL 8871311 (D. Nev. Aug. 26, 2020). However, "Generally, leave to take depositions by remote means should be granted liberally." *Id.* (citing *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008); *see also Lopez v. CIT Bank, N.A.*, Case No. 15-cv-00759-BLF (HRL), 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015) (citing cases within the Ninth Circuit)).

In determining whether to require a remote deposition, the court looks at whether the proponent has a legitimate reason for the remote deposition and then the burden shifts to the opposing party to make a "particularized showing" that a remote deposition would

be prejudicial. *Id.; United States v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 629 (S.D. Cal. 2001) (collecting cases).

Good cause warrants the Court entering a protective order to allow Ms. Burner to appear by video for the deposition. Ms. Burner went on Family Medical Leave Act leave starting April 2024 and then long term disability leave due to mental health issues relating to, among other things, the interactions with Plaintiff. She is currently in psychiatric treatment and her provider submitted the letter attached as Exhibit B, stating:

> Writer is currently providing coverage for attending provider but after chart review and contact with client of note, we are requesting that if absolutely necessary, that a virtual meeting be conducted to avoid endangering her mental health as it pertains to plaintiff. An in-person arrangement could induce intense psychological distress and exacerbate symptoms as associated with post-traumatic stress disorder, anxiety, and depression. We appreciate your consideration and help under these circumstances.

Thus, an in-person deposition – especially with Plaintiff present – will impose a significant hardship on Ms. Burner. Furthermore, Ms. Burner's ability to participate in the deposition and answer questions affects the City's ability to defend itself. Plaintiff cannot conceivably demonstrate prejudice from Ms. Burner appearing remotely for a deposition. She would be better able to calmly and competently answer the questions posed in a remote deposition. She is not a key deponent in this case – Plaintiff's claim is that he was wrongfully terminated and she is not the one who made the final decision to terminate his employment. Accordingly, the City moves the Court to exercise its wide discretion to allow for Ms. Burner to appear remotely for a deposition due to her intense psychological distress. A proposed order is submitted herewith.

RESPECTFULLY SUBMITTED this 3rd day of December, 2025     .

     *s/ Sarah R. Anchors*
Sarah R. Anchors
Jason J. Boblick
TEMPE CITY ATTORNEY'S OFFICE
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2025, I electronically transmitted the attached document to the Clerk's office using CM/ECF system for filing and transmittal of a Notice of Electronic Filing and a true and correct copy of the foregoing was served on the following CM/ECF registrants:

Anjali J. Patel
Christina Locher
Tyler Allen Law Firm, PLLC
4201 N. 24th Street, Suite 200
Phoenix, AZ 85016
anjali@allenlawaz.com
christina@allenlawaz.com
*Attorneys for Plaintiff*

 /s/ Cheongsil Byun

.