Anjali J. Patel SBN 28138
Christina Locher SBN 027472
**Tyler Allen Law Firm, PLLC**
4201 North 24th Street, Suite 200
Phoenix, AZ 85016
Phone: (602) 456-0545
Fax: (602) 995-3999
anjali@allenlawaz.com
christina@allenlawaz.com
*Attorneys for Plaintiff Steven Bartel*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Bartel,<br><br>    Plaintiff,<br><br>v.<br><br>The City of Tempe, an Arizona Municipal Corporation,<br><br>    Defendant. | No. 2:24-CV-02519-MTM<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S EMERGENCY PROTECTIVE ORDER** |

Plaintiff Steven Bartel, by and through counsel undersigned, hereby submits his Response to Defendant's Emergency Protective Order. Plaintiff's Response is supported by the following Memorandum of Points and Authorities, and exhibits incorporated herein and by reference, attached hereto.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. **Factual Background**

Ms. Burner was Plaintiff's former supervisor during Plaintiff's employment at the City of Tempe, and has direct knowledge of the facts and events giving rise to Plaintiff's employment claims as stated in the operative Complaint. While Plaintiff is sympathetic to Ms. Burner's mental health issues, Plaintiff is not asserting legal claims against Ms. Burner and has no knowledge of why his presence would allegedly trigger her mental health issues, as counsel for Defendant has claimed.

Plaintiff first notified counsel for Defendant of his intent to depose Nicole Burner via email on October 27, 2025. On October 31, 2025, counsel for Defendant informed undersigned counsel that Ms. Burner was on disability leave from the City of Tempe, but failed to provide dates of availability for a deposition. Defendant's counsel further stated she was working on obtaining a letter from Ms. Burner's medical provider as to the potential impact of the deposition on Ms. Burner's health.

On November 5, 2025, Plaintiff formally noticed the December 8th deposition of Nicole Burner, and served a Notice of Deposition on Defendant. (See Doc. 45, Plaintiff's Notice of Service.)

On November 18, 2025, counsel for Defendant informed undersigned counsel that she had not been able to get in touch with Ms. Burner, and requested that undersigned counsel cancel the deposition notice and serve Ms. Burner with a subpoena instead. Undersigned counsel agreed.

On November 24, 2025, counsel undersigned sent a copy of the subpoena it intended to serve on Nicole Burner to counsel for Defendant.

On November 26, 2025, the first of four (4) unsuccessful service attempts were made on Ms. Burner's residence, each while her known vehicle remained parked outside. During the first unsuccessful attempt, a male chased Plaintiff's process server off of the property and followed him to his car, shouting profanities. Three (3) additional unsuccessful attempts were made on November 30, December 2, and December 4, 2025. See descriptions of unsuccessful service attempts on Mr. Burner's address from process server Zachary Mueller, attached hereto as **Exhibit 1**.

Moreover, on December 3, 2025, counsel undersigned served a copy of the subpoena along with a check for one day's witness fee plus mileage via overnight certified mail to Ms. Burner's address of record. Confirmation of the December 3rd certified mail delivery by USPS is attached hereto as **Exhibit 2**.

Though counsel for Defendant had previously requested that Plaintiff cancel his Notice of Deposition and serve a subpoena due to Defendant's unsuccessful contact attempts with Nicole Burner – which counsel undersigned obliged – counsel for Defendant has presumably since been successful in contacting Ms. Burner. On December 2, 2025, counsel for Defendant requested that Plaintiff agree to a deposition held via Zoom, in order to avoid Ms. Burner being in the same room as Plaintiff.

Counsel for both parties spoke by phone on December 4, 2025, and agreed to stipulate to a future deposition date for Ms. Burner, in order to allow time for the Court to rule on Defendant's pending Emergency Motion.

## II. Legal Argument

Despite Ms. Burner's multiple and ongoing attempts to evade service of process of Plaintiff's subpoena, Plaintiff has effectuated service by certified mail, has tendered the requisite witness fee in accordance with Federal Rule of Civil Procedure Rule 45 and Ms. Burner and Defendant have actual notice of the deposition. The wording of F.R.C.P. Rule 45 does not strictly require personal services, but requires only that, "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." F.R.C.P. Rule 45 (b)(1). Plaintiff has satisfied the requirements of Rule 45 through certified mail delivery as of December 4, 2025, to Ms. Burner's address of record, as confirmed by Defendant's counsel.

Moreover, both Defendant and the witness Burner have actual notice of the upcoming deposition, as evidenced by Defendant's counsel's communications to undersigned counsel, requesting that Ms. Burner appear virtually instead of by person on December 8th. Arizona District Courts have held that actual notice to be sufficient under Rule 45. See, e.g., *Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, No. CV-17-04140-PHX-DWL, 2019 WL 3208114, at *3–4 (D. Ariz. July 16, 2019) (holding Rule 45 does not require personal service and permitting alternative service so long as the method is reasonably calculated to achieve

actual notice and ensure actual receipt of the subpoena by the witness). See also *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2020 WL 619675, at *2 (D. Ariz. Feb. 10, 2020) (authorizing alternative service of a subpoena on a nonparty witness and stating that any method of service is sufficient if "reasonably calculated to ensure the witness receives notice of the subpoena and an opportunity to object).

Plaintiff has received no explanation as to why the witness may appear by video deposition but should not be compelled to appear in person as requested. Moreover, unlike a party litigant, whose obligations are ongoing throughout the case, a non-party witness such as Ms. Burner who actively avoids service presents a greater risk of noncompliance if permitted to appear virtually—where she could more easily evade, delay, or otherwise obscure the purpose of the deposition. An in-person deposition is essential to ensure the witness's attendance, safeguard the integrity of her testimony, allow counsel to properly assess her demeanor, and avoid complications arising from technology or undisclosed third-party involvement.

Courts have wide discretion to require in-person testimony where a witness's conduct threatens the orderly administration of discovery, and the witness's persistent avoidance here constitutes good cause for such an order. Defendant, as the moving party, bears the burden of showing that specific harm or prejudice will result in the absence of a protective order. *Foltz v. State Farm. Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" for a protective order. *Id.* (Citing *Beckman Industries, Inc. v. International Ins. Co.,* 966 F.2d 470, 476.) Defendant has failed to satisfy its burden or put forth specific examples of the alleged harm necessitating a protective order in this case, and Defendant's Emergency Motion should be denied.

### III. Conclusion

Plaintiff respectfully requests that the Court deny Defendant's Emergency Motion for Protective Order and require Nicole Burner, a nonparty witness, to appear in person for her

subpoenaed deposition, as Ms. Burner has engaged in a sustained pattern of intentionally evading service of process and has demonstrated an unwillingness to voluntarily participate despite the clear relevance of her testimony. Both Defendant and Ms. Burner have actual notice of an impending deposition, and counsel undersigned has agreed to stipulate a mutually agreeable date after December 8, 2025.  Compelling Ms. Burner's physical presence will be the most effective and reliable means of securing testimony necessary for a fair adjudication of the case.

**RESPECTFULLY SUBMITTED** this 5th day of December, 2025.

**Tyler Allen Law Firm, PLLC**

*/s/ Christina M. Locher*
Christina M. Locher
Attorney for Plaintiff Steven Bartel

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2025, I transmitted the attached document to the following via electronic mail:

Sarah Anchors
Eric C. Anderson
Jason Boblick
Sarah_Anchors@tempe.gov
Cityattorney_administrator@tempe.gov
Jason_Boblick@tempe.gov
Attorneys for Defendant


By: */s/ Christina M. Locher*