ERIC C. ANDERSON #016114
SARAH R. ANCHORS #025344
JASON J. BOBLICK #026507
**TEMPE CITY ATTORNEY'S OFFICE**
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
Phone: (480) 350-8227
Fax: (480) 350-8645
Cityattorney_administrator@tempe.gov
Sarah_Anchors@tempe.gov
Jason_Boblick@tempe.gov
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Bartel,<br><br>Plaintiff,<br>v.<br><br>The City of Tempe, an Arizona Municipal Corporation,<br><br>Defendant. | Case No. 2:24-cv-02519-MTM<br><br>**Defendant's Motion for Partial Summary Judgment** |

The defendant, City of Tempe (the "City"), pursuant to Rule 56, Federal Rules of Civil Procedure, LRCiv 56.1(d) moves for summary judgment on Plaintiff Steven Bartel's claim for gender discrimination under Title VII, Count I in the Second Amended Complaint ("SAC") [Doc. 12]. The material undisputed facts show that Bartel cannot establish the essential elements of his discrimination claim under Title VII. The City is therefore entitled to judgment on Count I as a matter of law.

Tempe City Attorney's Office
21 East Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    Introduction

Plaintiff, a former tutoring site specialist for the City, claims he was terminated because he is a man. He was an at-will, temporary employee. He disclosed in September 2023 to human resources professionals that he used a reward game with a student that involved rewarding the student by allowing the student to touch Bartel's hair and guess if it was dirty or clean. The City found that behavior to be concerning and contrary to the program rules and promptly terminated his employment. The City moves for summary judgment on the gender discrimination claim because Bartel cannot make out a prima facie case. He does not have evidence of direct discrimination, such as anti-male comments. The women who signed the approval for terminating his employment are the very same women who approved hiring him in the first place. Nor does he have evidence that other similarly situated employees engaged in the same or similar conduct and were not terminated.

## II.    Material undisputed facts

The City's AARP Foundation Experience Corps (the "Program") is a grant-funded program for seniors to volunteer to tutor children in first through third grades at elementary schools to help raise their reading skills to grade-level. [DSOF ¶ 1.] To operate the Program, the City hires site specialists, some full-time and others part-time, to oversee the tutoring at the schools and complete other assigned duties to operate the Program. [*Id.* ¶ 2.]

Starting work in August 2022, the City hired Bartel as a site specialist, in a temporary, part-time, at-will position. [*Id.* ¶¶ 3, 4.] Nicole Burner (senior coordinator until January 2023 and then supervisor in the Office of Education, Career and Family Services), Burner's supervisor, Marie Raymond (Community Health and Human Services Program Manager), and Raymond's supervisor, Naomi Farrell (Community Health and Human Services Director), approved hiring Bartel. [*Id.* ¶ 5.]

During the time he worked for the City, Bartel was the only male site specialist for the Program. [*Id.* ¶ 6.] This is not surprising because 89 percent of elementary school teachers are women, at least for the 2020/21 school year. [*Id.* ¶ 8.] All of the 6 site

2

specialists oversaw tutoring at schools and completed some related tasks, and the five other site specialists had additional job duties. [*Id.* ¶ 10.]

The Program requires tutors to minimize physical contact with children being tutored and to only lightly return a hug initiated by a student. [DSOF ¶ 33.] The Program rules also state that reward for students in the tutor program was encouragement and the student's sense of pride, and other items are not given as rewards. [DSOF ¶ 34.]

Bartel, in part, bases his discrimination claim on three instances of inappropriate comments about male genitalia. [Doc. 12 ¶¶ 47-49, 61-63.] He claims that at a work holiday party for the Program in December 2022, there was a game to find a hidden phallic ornament on a tree. [*Id.* ¶ 49.] He also claims that when Program employees were shopping for gifts at World Market in April 2023, Burner said the word "penis" loudly. [*Id.* ¶ 61.] Bartel claims that in May 2023, at a happy hour gathering after work hours with coworkers, there were comments about a dish that looked like balls. [*Id.* ¶ 63; DSOF ¶ 9.][1]

Bartel emailed a complaint to the Human Resources Department ("HR") on August 30, 2023, claiming, among other things, a lack of respect by all but one of the "all-female staff" toward him because he is a man. [*Id.* ¶ 11.] HR investigated Bartel's discrimination claim. [*Id.* ¶ 12.] HR senior specialists Adrianne Ward and Elva Rios-Chavez met with Bartel on September 15, 2023 about his complaints. [*Id.* ¶ 13.] After the substance of the meeting concluded, Bartel talked about how he had a reward-game with a boy in the tutoring program: the child asked to touch Bartel's long hair and Bartel created a game that if the child participated in the tutoring session, he could touch Bartel's hair and guess if it was dirty or clean. [*Id.* ¶ 14.] Rios-Chavez and Ward were alarmed by what they perceived as an inappropriate interaction with a child and informed the HR director Rebecca Strisko of what Bartel had said. [*Id.* ¶ 15] Strisko was alarmed as well and called the former department director and deputy city manager, Keith Burke, and former deputy department

---

[1] The City denies these incidents occurred as Bartel alleges, but admits that the happy hour did occur and that it was outside work hours.

director, Farrell, who agreed that termination was appropriate. [*Id.* ¶ 16.] Strisko also asked Ward and Rios-Chavez to put what was said into an email to her, which they did. [*Id.* ¶ 18.]

Farrell talked with Raymond about what was said, and they agreed that it was not within policy and to terminate Bartel if in a meeting with Strisko and Raymond, Bartel's response was found to be insufficient. [*Id.* ¶ 19.] Strisko and Raymond met with Bartel Raymond talked with Burner about the termination. [*Id.* ¶ 20.] As the requisite department approvals, Burner, Raymond, and Farrell each electronically approved the termination on September 19 and 20. [*Id.* ¶ 22.]

Even after Bartel was terminated, HR continued and completed its investigation of Bartel's complaints, finding no discrimination. [*Id.* ¶ 23.] HR did conduct a disciplinary process of Burner as to City policy and some of the incidents raised by Bartel. [*Id.* ¶ 24.]

## III.    Summary judgment standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The Court need only consider the cited materials, but it may also consider any other materials in the record. *Id.* 56(c)(3). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV.    The City is entitled to judgment on Count I for disparate treatment

Count I of the SAC alleges that the City discriminated against Bartel in violation of Title VII based on gender (male) by terminating him. [Doc. 12.] Bartel cannot establish a prima facie case, nor can he show pretext. To prove disparate treatment under Title VII, Bartel must first establish a prima facie case of discrimination. A plaintiff may do this by offering direct evidence of discrimination, meaning "evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude. The evidence must be "sufficient to permit the *fact finder* to infer that that attitude was more likely than not a motivating factor in the employer's decision." *Enlow v. Salem–Keizer Yellow Cab Co.,* 389 F.3d 802, 812 (9th Cir. 2004) (emphasis in original; internal quotation marks, citations omitted). Or the plaintiff employee may offer circumstantial evidence of discrimination, which is evaluated under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). The plaintiff must prove that: (1) he belongs to a class of persons protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) his employer treated him differently than a similarly situated employee who does not belong to the same protected class(es). *McDonnell Douglas*, 411 at 802; *Reynaga v. Roseburg Forest Products*, 847 F.3d 678, 691 (9th Cir. 2017) (citing *McDonnell Douglas*).

If Bartel succeeds in establishing a prima facie case, he then must demonstrate that the City's legitimate, nondiscriminatory reason for taking the adverse employment action is mere pretext for discrimination. *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658 (9th Cir. 2002) (citing *McDonnell Douglas*, *supra*). Pretext can be proven with direct evidence or circumstantial evidence, but where the plaintiff relies on circumstantial evidence to prove pretext, that evidence must be "specific" and "substantial" to survive summary judgment. *Manatt v. Bank of Am.,* 339 F.3d 792, 801 (9th Cir. 2003). Bartel cannot demonstrate a prima facie case nor demonstrate pretext his gender discrimination claim.

**A.     Bartel cannot demonstrate a prima facie case of discrimination**

Bartel cannot demonstrate direct evidence of an anti-male discriminatory attitude by those involved in terminating his employment. Nor can Bartel satisfy the elements of the *McDonnell Douglas* framework because there is no evidence of similarly situated female employees engaging in a touch-reward game who were not terminated. In fact, Bartel testified that he is "not sure" that he even contends that his employment was terminated because he is a man. [DSOF ¶ 25.]

1.    <u>There is no direct evidence of discriminatory animus</u>

There is no direct evidence of conduct or statements by persons involved in deciding to terminate his employment that may be viewed as reflecting a discriminatory attitude towards men. Bartel has neither alleged nor produced evidence of any anti-male statements or conduct by Strisko, Burke, Naomi Farrell, Marie Raymond or Nicole Burner – the individuals who made the decision to terminate Bartel's employment. [Doc. 12.] In response to an interrogatory requesting the bases for his claim that the City terminated his employment because he is male, he did not identify any particular statements by any particular person. [DSOF ¶ 26.][2]. As to Burner, the only "comment" is an the word "penis", at a store during an outing of the Program employees; Bartel was several aisles away and Burner was not looking at Bartel. [DSOF ¶ 28.] These apparent inappropriate jokes are isolated incidents over the approximately 13 months that Bartel worked for the City. They do not, as a matter of law, demonstrate anti-male discrimination. *See, e.g,. Nesbit v. Pepsico, Inc.,* 994 F.2d 703 (9th Cir. 1993) (granting summary judgment on an age discrimination claim because an employer's comment about the plaintiff's "grey hair" was "weak circumstantial evidence of discriminatory animus."); *FDIC v. Henderson,* 940 F.2d 465, 469, 473 n. 16 (9th Cir. 1991) (holding that a statement without additional evidence of discrimination or retaliation was insufficient to state a claim under Title VII); *Culver v. Qwest Commc'n Corp.,* 2007 WL 963446 at *13 (D.Or. Mar. 23, 2007) (concluding a few

---

[2] Bartel testified only that there "might be a comment or two, like, oh, he's a man, he doesn't understand" by co-worker Pamela Bell, but he did not complain to his supervisor about such a comment. [DSOF ¶ 27.]

6

ambiguous remarks, made a year before termination and unconnected to the termination decision did not demonstrate pretext). The comments do not indicate discrimination toward men, nor do they indicate a stereotype about men. Rather, they are a few adolescent, off-color jokes made in December, April and May – the last, more than four months before Bartel was terminated.

Bartel also asserts that he was given more work than his female colleagues. [Doc. 12 ¶ 125.] Bartel has complained that he had more schools to visit or tutors to oversee starting in the spring of 2023. [DSOF ¶ 29.] However, other site specialists had regular duties during the school year in addition to overseeing the sites: data entry, family engagement, and substitute coordinator. [*Id.* ¶ 10.] Furthermore, while Bartel complains about having more work than others, he volunteered to do other work – moving boxes, organizing the book room, checking references for prospective tutors. [*Id.* ¶ 30.] As a site specialist, he was to be overseeing the tutoring generally; not tutoring himself. [DSOF ¶ 4.] But Bartel voluntarily and regularly tutored students. [*Id.* ¶ 31.]

The same supervisors who approved Bartel's hiring in August 2022 also approved his termination approximately one year later after learning of his admitted use of the hair-touching reward game. "[W]here the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive." *Schechner v. KPIX-TV*, 686 F.3d 1018, 1026 (9th Cir. 2012)); see also *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1097-98 (9th Cir. 2005). It is a "strong inference that a court must take into account on a summary judgment motion." *Coghlan*, 415 F.3d at 1098 (internal quotation and citation omitted). Nothing in the record rebuts that inference. To the contrary, Bartel was hired, supervised, and retained until his own statements regarding the reward game prompted the decisionmakers to decide to terminate his employment.

2.    <u>Bartel has no evidence that similarly situated female site specialists were not terminated[3]</u>

Bartel has never identified a similarly situated female colleague who was not terminated. Under *McDonnell Douglas*, "individuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), as amended (Jan. 2, 2004). The plaintiff "must demonstrate, at the least, that they are similarly situated to those employees in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006).

Bartel has never identified and there is no female site specialist who engaged in similar conduct by using hair-touching or other similar touching-reward game. As to Bartel's claim that other female site specialists had lighter workloads, as discussed above, there is no evidence that they indeed were assigned lighter workloads and part of Bartel's workload was self-induced through volunteering to take on additional tasks outside of his scope of duties.

**B.    Bartel cannot demonstrate pretext**

Even if Bartel could establish a prima facie case, he cannot demonstrate that the City's legitimate, nondiscriminatory reason for terminating him –  his admitted use of the hair-touching game with a child – is mere pretext. *See Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658 (9th Cir. 2002) (citing *McDonnell Douglas*, *supra*). Pretext can be proven with direct evidence or circumstantial evidence, but where the plaintiff relies on circumstantial evidence to prove pretext, that evidence must be "specific" and "substantial" to survive summary judgment. *Manatt v. Bank of Am.,* 339 F.3d 792, 801 (9th Cir. 2003). Bartel has no evidence that the City's reasoning was pretextual. The City was investigating Bartel's discrimination complaint at the time he was terminated. [DSOF ¶¶ 12, 23.] The City continued its investigation into Bartel's complaints even after terminating him and conducted a disciplinary process as to Burner for issues raised by

---

[3] The City maintains that the evidence is that Bartel did not perform his job satisfactorily because the hair-touching games was barred by the Program policies and not approved by his superiors. But the City omits this basis from this Motion to avoid a factual dispute.

Bartel's complaints. [*Id.*] Although Bartel asserts in the SAC that he was terminated for being a man, in his deposition, he admitted he is not sure that is what he contends. [DSOF ¶ 25.] While there is some evidence that Burner was interested in terminating Bartel prior to the hair-touching coming to light, there is no evidence there was approval for termination prior to the hair-touching coming to Human Resources' and department supervisors' attention. [DSOF ¶ 32.] The termination occurred rapidly once the hair touching came to light. [DSOF ¶¶ 14-22.]

Plainly, the undisputed evidence demonstrates that City terminated Bartel not because he is a man but because he created and engaged in an inappropriate game involving physical contact with a vulnerable child and made a disturbing comment. The potential liability such conduct raised for the City cannot be understated and underscores the legitimacy of the City's decision.

## V.    **Conclusion**

For all of the foregoing reasons, the City requests the Court enter summary judgment in its favor on Count I.

RESPECTFULLY SUBMITTED this 24th day of July, 2026.

 s/ *Sarah R. Anchors*
Jason J. Boblick
Sarah R. Anchors
TEMPE CITY ATTORNEY'S OFFICE
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
*Attorneys for Defendant*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2026, I electronically transmitted the attached document to the Clerk's office using CM/ECF system for filing and transmittal of a Notice of Electronic Filing and a true and correct copy of the foregoing was served on the following CM/ECF registrants:

Anjali J. Patel
Christina Locher
Tyler Allen Law Firm, PLLC
4201 N. 24th Street, Suite 200
Phoenix, AZ 85016
anjali@allenlawaz.com
christina@allenlawaz.com
*Attorneys for Plaintiff*

 */s/ Cheongsil Byun*

.

10