ERIC C. ANDERSON #016114
SARAH R. ANCHORS #025344
JASON J. BOBLICK #026507
**TEMPE CITY ATTORNEY'S OFFICE**
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
Phone: (480) 350-8227
Fax: (480) 350-8645
Cityattorney_administrator@tempe.gov
Sarah_Anchors@tempe.gov
Jason_Boblick@tempe.gov
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Bartel, | Case No. 2:24-cv-02519-MTM |
| Plaintiff, | **Defendant's Statement of Facts** |
| v. | |
| The City of Tempe, an Arizona Municipal Corporation, | |
| Defendant. | |

The defendant, City of Tempe (the "City"), pursuant to Rule 56, Federal Rules of Civil Procedure, LRCiv 56.1(d), provides its statement of facts.

1.    The City's AARP Foundation Experience Corps (the "Program") is a grant-funded program (the grant funding amount has varied) for seniors to volunteer to tutor children in first through third grades at elementary schools to help raise their reading skills to grade-level. Exhibit 1, Declaration of Marie Raymond ¶ 3.

2.    To operate the Program, the City hires site specialists, some full-time and others part-time, to oversee the tutoring at the schools and complete other assigned duties to operate the Program. *Id*. ¶ 4.

Tempe City Attorney's Office
21 East Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280

3.    Starting work in August 2022, the City hired Steven Bartel as a site specialist, in a temporary, part-time, at-will position. Exhibit 2, COT_BARTEL_000258.

4.    Bartel filled the position advertised for a site specialist, part-time, temporary and at will, with certain responsibilities set forth in COT_BARTEL_000017. Exhibit 3, Declaration of Nicole Burner, ¶ 3.

5.    Nicole Burner (senior coordinator until January 2023 and then supervisor in the Office of Education, Career and Family Services), Burner's supervisor, Marie Raymond (Community Health and Human Services Program Manager),and Raymond's supervisor, Naomi Farrell (Deputy Community Health and Human Services Director), approved hiring Bartel. Exhibit 4, Declaration of Adrianne Ward ¶ 4.

6.    During the time he worked for the City, Bartel was the only male of the site specialist for the Program. Exhibit 5, Excerpts of Deposition of Nicole Burner, 81:8-21.

7.    Burner also supervised a male employee who oversaw the My Brother's Keeper program during a different time period. Ex. 5, Burner Dep. 81:18-21.

8.    This is not surprising because 89 percent of elementary school teachers are women, at least for the 2020/21 school year. *See* https://nces.ed.gov/programs/coe/indicator/clr/public-school-teachers

9.    Bartel claims that an after-hours happy hour with coworkers, there were comments comparing an appetizer dish to balls. Exhibit 6, Excerpts of Deposition of Steven Bartel, 125:1-5, 126:19-25.

10.    All of the 6 site specialists oversaw tutoring at schools and completed some related tasks, and the five other site specialists had additional job duties. Ex. 5, Burner Dep. 36:13 – 38:2; Ex. 3, Burner Decl. ¶ 4.

11.    Bartel emailed a complaint to the Human Resources Department ("HR") on August 30, 2023, claiming, among other things, a lack of respect by all but one of the "all-female staff" toward him because he is a man. Exhibit 7, COT_BARTEL_005298 – 005301.

12. HR investigated Bartel's discrimination claim. Exhibit 8, Excerpts of Adrianne Ward Deposition, 89:5- 90:13, 91:3-13; Ex. 6, Bartel Dep. 90:24-91:10.

13. HR senior specialists Adrianne Ward and Elva Rios-Chavez met with Bartel on September 15, 2023 about his complaints. Exhibit 9, Excerpts of Elva Rios-Chavez, 40:7-16; Ex. 6, Bartel Dep. 90:24-91:10.

14. After the substance of the meeting concluded, Bartel talked about how he had a reward-game with a boy in the tutoring program: the child asked to touch Bartel's long hair and Bartel created a game that if the child participated in the tutoring session, he could touch Bartel's hair and guess if it was dirty or clean. Ex. 6, Bartel Dep. 114:10-12, 117:6  12, 114:24 – 115:14, 116:11-15, 119:8-11, 120:4-9.

15. Rios-Chavez and Ward were alarmed by what they perceived as an inappropriate interaction with a child and informed the HR director Rebecca Strisko of what Bartel had said. Ex. 9, Rios-Chavez Dep. 29:16-17, 60:11-18, 64:8-14; Ex. 8, Ward Dep. 137:18 – 139:13.

16. Strisko was alarmed as well and called the former department director/then deputy city manager, Keith Burke, and department director, Farrell. Exhibit 10, Declaration of Naomi Farrell, ¶ 3; Exhibit 11, Declaration of Rebecca Strisko, ¶ 3.

17. Burke and Farrell expressed to Strisko that the hair-touching game was contrary to how site supervisors are trained to interact with children and supported termination if after a meeting with Strisko and Raymond, Bartel's response was found to be unsatisfactory. *Id.*

18. Strisko also asked Ward and Rios-Chavez to put what was said into an email to her, which they did. Ex. 8, Ward Dep. 141:10-21; Ex. 4, Ward Decl. ¶ 4; Exhibit 12, Declaration of Elva Rios-Chavez, ¶ 3.

19. Farrell talked with Raymond about what was said, and they agreed that it was not within policy. Ex. 10, Farrell Decl. ¶ ; Ex. 1, Raymond Decl. ¶ 5.

20. Strisko and Raymond met with Bartel to discuss his hair-touching game. Ex. 11, Strisko Decl. ¶ 3; Ex. 6, Bartel Dep. 11:5-8, 122:13-123:25.

21. Raymond talked with Burner about the termination. Ex. 1, Ramond Decl. ¶ 6.

22. As the requisite department approvals, Burner, Raymond, and Farrell each signed approved the termination on September 19 and 20. Ex. 10, Farrell Decl. ¶ ; Ex. 1, Raymond Decl. ¶ 6; Ex. 2, Chavez Decl. ¶ 4.

23. Even after Bartel was terminated, HR continued and completed its investigation of Bartel's complaints, finding no discrimination. Ex. 4, Ward Decl. ¶ 5; Ex. 12, Rios-Chavez Decl. ¶ .

24. HR did conduct a disciplinary process of Burner as to City policy and some of the incidents raised by Bartel. Ex. 12, Rios-Chavez Decl. ¶.

25. Bartel testified that he is "not sure" that he even contends that his employment was terminated because he is a man. Ex. 6, Bartel Dep. 69:21-70:14.

26. In response to an interrogatory requesting the bases for his claim that the City terminated his employment because he is male, he did not identify any particular statements by any particular person. Exhibit 13, Plf's Interrogatory Response No. 12.

27. Bartel testified only that there "might be a comment or two, like, oh, he's a man, he doesn't understand" by Pamela Bell, but he did not complain to his supervisor about such a comment. Ex. 6, Bartel Dep. 70:21-71:15.

28. Bartel testified that he heard Nicole Burner say the word "penis" at the World Market store in April 2023 when the Program employees were shopping, but she was not looking at Bartel when she said the word and he was three aisles away. Ex 6, Bartel Dep. 97:16 – 100:3; Doc. 12 ¶ 61.

29. Bartel has complained that he had more schools to visit or tutors to oversee starting in the spring of 2023. Ex. 6, Bartel Dep. 65:25 – 69:17.

30. Bartel volunteered to do other work – moving boxes, organizing the book room, checking references for prospective tutors. Ex. 6, Bartel Dep. 56:8 – 59:9, 63:24-65:24, 70:7-14.

31. Bartel voluntarily regularly tutored students. Ex. 6, Bartel Dep. 55:4-9.

4

32.     Ward told Burner in a conversation on September 1, 2023 that the reasons Burner referenced were not a basis for termination. Ex. 4, Ward Dep. 73:2-4, 74:19-23.[1]

33.     The Programs requires tutors to minimize physical contact with the children being tutored and only lightly return a hug initiated by the student. Exhibit 14, COT_BARTEL_00954; Ex. 5, Burner Dep. 131:9-133:19.

34.     The Program rules also state that reward for students in the tutor program was encouragement and the student's sense of pride, and other items are not given as rewards. Ex. 14; Ex. 5, Burner Dep. 134:5–22.

RESPECTFULLY SUBMITTED July 24, 2026.

 s/ Sarah R. Anchors
Jason J. Boblick
Sarah R. Anchors
TEMPE CITY ATTORNEY'S OFFICE
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
*Attorneys for Defendant*

---

[1] Burner disputes they discussed termination, but for purposes of this motion, this dispute is not raised.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2026, I electronically transmitted the attached document to the Clerk's office using CM/ECF system for filing and transmittal of a Notice of Electronic Filing and a true and correct copy of the foregoing was served on the following CM/ECF registrants:

Anjali J. Patel
Christina Locher
Tyler Allen Law Firm, PLLC
4201 N. 24th Street, Suite 200
Phoenix, AZ 85016
anjali@allenlawaz.com
christina@allenlawaz.com
*Attorneys for Plaintiff*

*/s/ Cheongsil Byun*

6